### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMESHAY PRUDE, as administrator of the estate of DANIEL PRUDE, deceased, § § § § § § § § § § § § § § § § § § § § §  Plaintiff, -against- THE CITY OF ROCHESTER, a municipal entity, LA'RON SINGLETARY, MARK L. SIMMONS, HENRY C. FAVOR, MICHAEL PERKOWSKI, MARK VAUGN, TROY TALADAY, FRANCISCO SANTIAGO, MICHAEL MAGRI, ANDREW SPECKSGOOR, PAUL RICOTTA, JOSIAH HARRIS, FLAMUR ZENELOVIC, MICHAEL HOULIHAN, RANDY BENJAMIN, Defendants. | No. : 6:20-cv-06675-FPG |

### JOINT PETITION TO INTERVENE

NOW COME the Petitioners, TASHYRA PRUDE and JUNERA PRUDE, by and through their counsel, ROMANUCCI & BLANDIN, LLC; ELLIOTT, STERN & CALABRESE, LLP; and the LAW OFFICES OF MARK VAJDIK, LLC, and in support of their petition to intervene in the instant matter as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and permissively pursuant to F.R.C.P. 24(b)(1)(B), states as follows:

### FACTS

On March 23rd, 2020, Daniel Prude- nude, unarmed, and in the grip of a mental health crisis- was restrained in a prone position and pressed by the head and back into the street by members of the Rochester, New York Police Department. Mr. Prude died a week later on March 30th, 2020 as a result of "complications of asphyxia in the setting of physical restraint." The

difficult decision to remove Mr. Prude from life support was made by Petitioner Junera Prude, as Mr. Prude's eldest daughter and next of kin, in conjunction with Mr. Prude's doctors. At the time of his death, Mr. Prude was residing in Chicago, County of Cook, Illinois, and had five children, including Petitioners Tashyra and Junera Prude, as well as daughter Sharell Prude and sons Nathaniel McFarland and Terrell Prude. He was additionally survived by his father, Joe Louis Cole, his brother, Joe Prude, and his sister Tameshay Prude, who is the Plaintiff of the instant action. Upon information and belief, Mr. Prude died intestate.

On August 4, 2020, Tameshay Prude, Daniel Prude's sister and the plaintiff to the instant matter, petitioned the Surrogate's Court of the State of New York, County of Monroe for letters of administration for Mr. Prude's estate. *Ex. A, Petition for Letters of Administration filed by Tameshay Prude.* This petition omitted mention of any "child or children or descendants of predeceased child or children" of Mr. Prude, and affirmatively noted that Mr. Prude was survived by "no issue." This petition indicated that there were "no other persons" interested in the probate proceedings other than her father, Joe Louis Cole. *Ex. A*. In support of this petition, Mr. Joe Prude, the brother of Plaintiff and Daniel Prude, submitted an affidavit averring that "no other distributes" beyond those identified in the petition "exist **or could possibly exist**." *Ex. B, Affidavit of Joe Prude.* An affidavit by counsel of record in the instant matter Elliot Dolby Shields dated April 20th, 2020 and filed with the Surrogate's Court cites to Illinois probate law and argues that there are "three distributes of decedent's estate"- Joe Cole, Joe Prude, and Tameshay Prude, who allegedly are due to inherit one-half, one-quarter, and one-quarter of Mr. Prude's estate. *Ex. C, Affidavit of Elliot Dolby Shields*. This affidavit cites a "potential wrongful death action" as "the only known asset of decedent's estate." *Ex. C*. Petitioners did not receive notice of these proceedings. The Complaint at Law in the instant matter indicates that the

Surrogate's Court issued letters of administration to Tameshay Prude on August 24th, 2020. ECF Doc. 1, ¶24.

On September 4th, 2020, Petitioners Junera and Tashyra Prude filed a joint petition with the Surrogate's Court seeking appointment as co-administrators of Mr. Prude's estate and requesting the court issue limited letters of administration permitting them to pursue a wrongful death claim on behalf of Mr. Prude's estate. *See Exhibit D, September 4th, 2020 Petition.*

On September 8th, 2020, the instant suit was filed by Tameshay Prude. The Complaint at Law asserts that Daniel Prude died as a result of excessive force asserted against him by Defendant Rochester Police Department officers Mark Vaughn, Troy Taladay, and Francisco Santiago. ECF Doc. 1, Count 1 ¶¶89-97.  The Complaint further makes out claims pursuant to 42 U.S.C. §1983 against Defendant Rochester Police Department officers Andrew Magri, Specksgoor, Paul Ricotta, Josiah Harris, and Francisco Santiago for the failure to intervene in the use of excessive force [ECF Doc. 1, Count 2, ¶¶98-106], against Defendant Rochester Police Department agents La'Ron Singletary, Mark L. Simmons, Henry Favor, and Michael Perkowski for the failure to properly "supervise, train, and discipline" their subordinates [ECF Doc. 1, Count 3, ¶¶107-112]; against the City of Rochester and Defendants Vaughn, Taladay, Santiago, Specksgoor, Ricotta, Harris, Magri, Flamur Zenelovic, Michael Houlihan, Randy Benjamin, and Perkowski (identified as and hereinafter referred to as "Defendant Police Officers") for displaying deliberate indifference to Mr. Prude's serious medical needs [ECF Doc. 1, Count 4 ¶¶113-123] ; against the City of Rochester for municipal liability pursuant to *Monell v. Dept. of Soc. Svcs.* (436 U.S. 658 (1978)) arising from the failure to discipline officers [ECF Doc. 1, Count 5 ¶¶124-296] and for the pattern and practice of use of excessive force against mentally ill individuals [ECF Doc. 1, Count 6, ¶¶297-328].  The Complaint requests relief including

compensatory and punitive damages. While the Complaint mentions Tameshay Prude and her brother, Joe Prude, the Complaint omits mention of Petitioners and their brothers. The Complaint includes the allegation that Joe Prude made the decision to remove Daniel Prude from life support, despite Plaintiff's awareness that this decision was made by Daniel Prude's next of kin, Petitioner Junera Prude. Despite the material misrepresentations about Mr. Prude's children made by Plaintiff to the Surrogate's Court in obtaining letters of administration, the Complaint at Law cites Plaintiff's "empowerment" to bring the instant suit.

On September 10th, 2020, Petitioners Tashyra and Junera Prude filed with the Surrogate's Court of Monroe County a petition to revoke the letters of administration issued to Plaintiff, on the grounds that the letters had been obtained through a knowing misrepresentation to the court excluding them from representing or receiving distributions from their father's estate. *See Ex. E, September 10th, 2020 Petition.*

## **LEGAL STANDARD**

Federal Rule 24 (a)(2) states that, upon a timely motion, the court must permit anyone to intervene in an action who 1) claims an interest relating to the property or transaction, and 2) is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871 at 843-874 (2d Cir. 1984). The interest at issue must be "direct, substantial, and legally protectable." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). Intervention as of right is appropriate where the applicant has a right to maintain a claim for the relief sought in the case. *In re Penn Cent. Commercial Paper Litigation*, 62 F.R.D. 341, 346 (S.D.N.Y. 1996), citing *Solien v. Miscellaneous Drivers & Helpers Union*, 440 F.2d 124, 132

(8th Cir. 1971), cert. denied, 403 U.S. 905, 91 S. Ct. 2206, 29 L. Ed. 2d 680 (1971), In United States v. 936.71 Acres of Land, 418 F.2d 551 (5th Cir. 1969). "[T]he burden to demonstrate inadequacy of representation is generally speaking 'minimal.'" *Butler, Fitzgerald & Potter v. Sequa Corp.,* 250 F.3d 171, 179 (2d Cir. 2001), quoting *Trbovich* v. UMW, 404 U.S. 528, 538 n.10 (1972).

Federal Rule 24(b)(1)(B) states that the court may permissively permit the intervention of anyone who has a claim or defense that shares with the main action a common question of law or fact.  The purpose of intervention, whether of right or permissive, is to enable those satisfying the requirements of Rule 24 to assert their interests in all pending aspects of the lawsuit, within the limitations of purpose imposed at the time of intervention. See *Park & Tilford v. Schulte*, 160 F.2d 984, 989 n.1 (2d Cir.), Cert. denied, 332 U.S. 761, 68 S. Ct. 64, 92 L. Ed. 347 (1947); *In re Raabe, Glissman & Co*., 71 F. Supp. 678 (S.D.N.Y.1947). Permissive intervention is within the court's broad discretion. *Diversified Group, Inc. v. Daugerdas*, 217 F.R.D. 152, 157 (S.D.N.Y. 2003); see *U.S. Postal Service v. Brennan*, 579 F.2d 188, 192 (2d Cir. 1978). The court may consider factors that include "'the nature and extent of the intervenors' interests,' the degree to which those interests are 'adequately represented by other parties,' and 'whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'" *H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc.*, 797 F.2d 85, 89 (2d Cir. 1986)). It is notable that "[t]he test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." *Mass. Bricklayers and Mason Funds v. Deutsche Alt-A Secs*., 273 F.R.D. 363, 365 (E.D.N.Y. 2011).

Under the Illinois intestacy statute, 755 ILCS 5/2-1(b), the estate of an unmarried decedent survived by descendants is distributed *per stirpes* to his descendants.  Illinois law dictates that the estate is distributed to siblings and parents of a decedent only where the decedent died without a surviving spouse or issue. 755 ILCS 5/21-(d).  New York intestacy law dictates distribution in the same fashion for unmarried decedents survived only by children (*See* NY EPTL § 4-1.1(a)(3) (2012)).

## ARGUMENT

Petitioners have brought this petition in a timely fashion.  No motions or pleadings beyond the Complaint have yet been filed.  Upon information and belief, Defendants have not yet been served with process.  The timing of the instant petition will not prejudice any claim or defense asserted in the instant matter.

Petitioners have demonstrated an interest relating to the "property or transaction which is the subject matter of this case"- namely, the claims on behalf of Mr. Prude's estate and the potential proceeds therefrom.  As a matter of law, Petitioners and their siblings are granted distribution of Mr. Prude's estate *per stirpes* under the intestacy laws of either Illinois or New York. *See* 755 ILCS 5/2-1(b), NY EPTL § 4-1.1(a)(3).  Such a statutory grant is direct, substantial, and legally protectable.  Indeed, Petitioners assert they are the parties at interest in the instant matter and are legally entitled to assert the claims at issue in the instant case.

Petitioners have demonstrated that their interest relating to this claim may be impaired by the disposition of this matter, as the interest is not being adequately protected by the existing parties.  Petitioners assert that the Plaintiff in the instant matter knowingly omitted them from filings to the Surrogate Court, in an effort to deprive them of the right to bring claims on behalf of their father's estate and of the right of the potential proceeds of such claims.  Petitioners

acknowledge that the causes of action available to Plaintiff in the instant action are similar to those available to Petitioners.  However, the exclusion of Petitioners from the instant suit will result in the insufficient exploration through discovery of topics germane to their loss- namely, their relationship with their father and the specific personal and pecuniary losses incurred by them as a result of his death. *See McKee v. Colt Elecs. Co.*, 849 F.2d 46, 52 (2d Cir. 1988) (identifying factors governing calculation of pecuniary losses, including the "degree of dependency of the distributes upon the decedent and the probable benefits they would have received but for the untimely death," and holding adult children may recover for "pecuniary loss suffered as a result of the "lost nurture, care, and guidance they would have received if the parent had lived.").  Petitioners risk being bound by a judgment against all liable Defendants that does not adequately account for their compensable losses.  Courts have found a lack of adequacy of representation for facts less than those that exist in the instant matter. *See United States v. C. M. Lane Lifeboat Co.,* 25 F. Supp. 410, 411 (E.D.N.Y. 1938) (finding inadequacy of representation where the attorney ostensibly representing the petitioner's interest "was not on friendly terms" with petitioner).

As of the date of filing, the questions of heirship and administration remain before the Surrogate's Court.  Should the Surrogate Court revoke Plaintiff's letters of administration, as it has authority to do pursuant to NY CLS SCPA §711, Plaintiff would not possess standing to prosecute the instant action. Permitting the Petitioners to intervene in the instant action may preserve court resources and increase the efficiency of prosecution of actions relating to Mr. Prude's death. *See Lesnik v. Public Industrials Corp*., 144 F.2d 968, 1944 U.S. App. LEXIS 2975 (2d Cir. 1944) (noting that Rule 24 is part of the tenet of modern procedure that joinder of parties and claims be "greatly liberalized" to provide for disposition matters potentially before the

court). *See also Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191-192 (2d Cir. 1970) (holding intervention is appropriate where the burden on litigation is "hardly likely to bulk large when compared to the cost and inconvenience" of a second suit, and suggesting an intervenor may be bound by conditions necessary to the efficiency of the suit where appropriate).

As to Petitioners' request pursuant to F.R.C.P. 24(b)(1)(B), Petitioners assert that their potential claims share with the instant action common questions of law and fact with regard to the liability of the City of Rochester and its agents. It is clear a significant overlap will exist with the parties involved, the facts relating to Mr. Prude's death, and relevant discovery between claims in the instant matter and Petitioners' putative action. As outlined above and in Petitioners' filings with the surrogate court, Petitioners have reason to believe their interests will not be adequately represented or preserved by the parties and counsel before this Court in the instant matter.

Denial of this petition will prejudice Petitioners, in that they will be barred access to discoverable information directly relevant to their claims in the instant action. They will also be unable to adequately ensure information relating to their particularized damages are explored in discovery.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order granting Tashyra Prude and Junera Prude's Petition to Intervene, and for any further relief this Court deems just and proper.

Dated: September 16, 2020

Respectfully Submitted,

By: __/s/ David S. Stern_____

                    Attorney for Petitioners

David S. Stern
Frank Ciardi
**ELLIOTT, STERN & CALABRESE, LLP**
One East Main Street
Rochester, New York 14614
Tel: (585) 232-4724
Fax: (585) 232-6674
dstern@elliottstern.com
fciardi@frankciardilaw.com


Antonio M. Romanucci (*pro hac vice pending*)
Nicolette A. Ward (*pro hac vice pending*)
**ROMANUCCI & BLANDIN, LLC**
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
nward@rblaw.net