SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF MONROE
_____

In the matter of the Administration Proceeding,   **PETITION**

Estate of Daniel Prude,   File No. 2020-1616

                              Deceased.
_____

TO THE SURROGATES COURT, COUNTY OF MONROE

It is respectfully alleged:

1.  Joint Petitioner, Junera Prude, is domiciled at 7719 W. Hampton Ave., Apt. #2, Milwaukee, Wisconsin 53218, County of Milwaukee and is the daughter of the decedent and is a legal heir of the decedent's estate.

2.  Joint Petitioner, Tashyra Prude, is domiciled at 3411 12th Place, Chicago, Illinois, County of Cook and is the daughter of the decedent and is a legal heir of the decedent's estate.

3.  Tameshay Prude is domiciled at 8102 South Loomis Blvd., Apt 1, Chicago, Illinois 60620, County of Cook, and is the sister of the decedent and was granted Letters of Administration with Limitations by Decree of this Court on August 24, 2020.

4.  Joe Louis Cole, upon information and belief, is domiciled at 8102 South Loomis Blvd., Apt 1, Chicago, Illinois 60620, County of Cook, and is the surviving father of the decedent and was purported to be the sole heir of the decedent's estate.

5. Upon information and belief, the Decedent, Daniel Terrell Prude, was domiciled at 8102 South Loomis Blvd. Apt 1, Chicago, Illinois 60620 county of Cook. The Decedent's date of death was March 30, 2020.

6. The Joint Petitioners herein filed a Joint Petition with this Court on September 4, 2020 seeking appointment of Junera Prude and Tashyra Prude to serve as joint administrators of the Estate of their late father and requesting the Court issue them Limited Letters of Administration permitting the Petitioners to pursue a wrongful death claim on behalf of the estate of their late father. A copy of the Petition filed September 4, 2020 is attached hereto under Exhibit "A".

7. Unbeknownst to the Petitioners, a petition had been previously filed by the Petitioners' paternal aunt, Tameshay Prude. A copy of the Tameshay Prude's Petition filed with this Court on August 4, 2020 is attached hereto under Exhibit "B".

8. At no time were the Petitioners ever notified about their aunt's petition that was filed with this court seeking appointment as administrator of their late father's estate.

9. Upon information and belief, Tameshay Prude did not notify any of the heirs of decedent's estate of the application she had filed seeking appointment of the Decedent's estate, and the Petitioners herein can both affirmatively attest that they were never informed of Tameshay Prude's filing with this Court seeking appointment as Administrator of their late father.

10. In fact, it appears evident from the paperwork that is on file with the Monroe County Surrogates Court that it was never the intention of Tameshay Prude to

notify the rightful heirs about the administration of their late fathers and her appointment as administrator.

11. Upon information and belief, Tameshay Prude intentionally and willfully misinformed the Monroe County Surrogates Court and knowingly and intentionally claimed the Decedent died without issue.

12. Tameshay Prude filed with the Monroe County Surrogates Court a false petition claiming the decedent left surviving only his father and claimed decedent's father was the only surviving heir that would inherit pursuant to EPTL 4-1.1 and 4-1.2.

13. Tameshay Prude was entirely aware that the Decedent died with five (5) issue.

14. Despite being fully aware of Decedent's issue Tameshay Prude verified under oath that the allegations contained in her petition were true.

15. As a means in furtherance to induce this Court to grant the relief requested in her Petition, Tameshay Prude procured an affidavit from her brother, Joe Prude, who, upon information and belief, she was conspiring with so she could secure her position as administrator. The Affidavit of Joe Prude inaccurately states that Joe Louis Cole was the sole distribute of the Estate of his late son, Daniel T. Prude, and that there were no other disributees in existence nor was it possible other distributees could exist and that Daniel T. Prude had no issue. Attached hereto and made a part hereof is the Affidavit of Joe Prude sworn to August 20, 2020 under Exhibit "C".

16. Upon information and belief, it is not possible that the claims made by Joe Prude and Tameshay Prude could possibly be known to them as honest statements in their sworn statements filed with this Court.

17. In a text exchange with Tashyra Prude, Joe Prude and tells Tashyra he feels bad about his brother and Tashyra says all she thinks about is her daddy. Joe Prude responds, "I do to baby ur daddy was my heart." A copy of the text exchange between Tashyra Prude and her uncle Joe Prude is attached under Exhibit "H".

18. Incredibly, Joe Prude provided an affidavit to this court despite knowing he reached out to Petitioner, Junera Prude, at the moment of her father's death and FaceTimed Junera with her father so that he Daniel Prude did not die alone without his daughter at his side.

19. It seems completely disingenuous for Tameshay Prude and Joe Prude to deny the existence of the descendants of the decedent.

20. In fact, Petitioner, Junera Prude, was contacted by her aunt, Tameshay Prude, and her uncle, Joe Prude, on March 30, 2020 to assist in making decisions on behalf of her late father who medical personnel informed had irreversible brain damage from an anoxic brain injury. Medical professionals reached out to Junera Prude as her late father's closest next-of-kin to make the final decision on whether he should remain on life support and kept alive through extraordinary means.

21. Upon information and belief, Tameshay Prude was also fully aware of the fact that Junera Prude was designated as a family member entitled to pick up the

cremains of her late father. See requisition slip from Paul L. Murphy & Sons Funeral Home under Exhibit "D".

22. Attached hereto under Exhibit "E" is a text message exchange between Junera Prude and her aunt, Tameshay Prude in which aunt Tameshay inquires about Junera's Daddy's ashes:

> JP: Hey tete how u doing? I been working sooo much ima be off next weekend ima come see u
>
> TP: Ok I'm good & u niece u heard anything about ur Daddy ashes because he told me he sent them 2 the funeral home where Londa work

23. Upon information and belief, both Tameshay Prude and Joe Prude were aware of the issue of their late brother, Daniel T. Prude, as it was prominently acknowledged in the Funeral Program of their late mother, Dorothy J. Prude, that she was survived by her grandchildren, Tyshawn Pride, Nathaniel McFarland, Junera Prude, Tashyra Prude, and Sharell Prude, whom are all the surviving issue of Daniel T. Prude. A copy of the House of Branch Funeral Home Funeral Program is attached under Exhibit "F".

24. Tashyra Prude's mother was even contacted by Tameshay Prude and inquired about Tashyra's birth certificate sometime in April 2020 and lied about the reason it was needed.

25. Upon information and belief, Tameshay Prude and her brother seek to control the estate of their late brother so that they can prevent the rightful heirs of her

brother's estate from inheriting. Upon information and belief that is why Tameshay Prude intentionally misinformed the Court that there were no heirs of the decedent so the assets of the estate could be diverted away from the decedent's children.

26. In fact, it was acknowledged by Tameshay Prude's attorney, Elliot Dolby Shields, Esq. that under Illinois Law, "Tameshay Prude, the proposed administrator, would inherit one-quarter of the estate." See Affirmation of Elliott Dolby Shields, Esq. attached under Exhibit "G". Upon information and belief, Tameshay Prude intentionally failed to disclose to the Court the decedent's issue so she could be assured of receiving a large administrator's commission.

27. Based upon the apparent deceit in the filings made by Tameshay Prude, and her obvious financial interests and motivations, it appears she is not intent upon faithfully and honestly discharging the duties of Administrator as she has sworn to do.

28. It appears from her actions that the intent and purpose of Tameshay Prude was to stonewall the rightful heirs of the Decedent's estate and steer any recovery from the wrongful death claim away from the Decedent's children so she can enjoy a potentially hefty commission and perhaps receive other benefits through her brother and father.

29. SCPA §711 sets forth the grounds for revocation or modification of letters on notice to the fiduciary and other interested persons.

30. SCPA §711(4) enables the Surrogates Court to revoke Letters or remove a fiduciary for disqualification or misconduct where the grant of her letters was obtained by a false suggestion of material fact. See SCPA §711(4).

31.  Joint Petitioners strongly believe Tameshay Prude had reason to know that the decedent left five (5) children who were his next of kin.

32.  Petitioners believe Tameshay Prude's misstatements were knowing and intentional material misstatements and that the conduct of Tameshay Prude in purposefully misinforming the Court about these material facts provides this Court with adequate legal basis for removing Tameshay Prude as Administrator of the Estate of the late Daniel T. Prude.

33.  Petitioners believe that the conduct of Tameshay Prude of filing a Petition with this Court with falsely stated facts is misconduct, dishonesty and want of understanding which justifies the conclusion Tameshay Prude is unfit to serve as Administrator of the Estate of Daniel T. Prude. Her appointment was obtained by a false suggestion of material fact. A false statement that there were no heirs of the estate in the Petition for Letters of Administration is material and Tameshay Prude should be removed from serving as administrator.

34.  SCPA §719(10) permits an Ex-Parte revocation in extreme circumstances.

35.  Petitioners submit the conduct engaged in by Tameshay Prude warrants immediate revocation because they were obtained by a false suggestion of material fact. See SCPA §§719(10) and 711(4).

WHEREFORE, Petitioners respectfully request the Court immediately revoke the Letters of Administration issued to Tameshay Prude, and permanently revoke her letters, and that the Court issue Letters of Administration to Petitioners herein so that they may jointly administer the estate of their late father, and that the Court grant other and further relief as the Court deems just and proper.

Dated: September 9, 2020

_____
Junera Prude

Sworn to and subscribed before me
this 10 day of _____, 2020
by _____
known to me _____
produced identification
6304 3854 850 P

_____
Tashyra Prude

[Notary seal: VIRGINIA SCATAMACCHIA, MY COMMISSION # GG349383, EXPIRES: July 13, 2023]

ELLIOTT STERN CALABRESE, LLP

_____
David S. Stern, Esq.
Attorney representing Junera Prude
Office & P.O. Address
One East Main Street
Rochester, New York 14614
Tele: (585) 232-4724
Fax: (585) 232-6674
Email: dstern@elliottstern.com

ROMANUCCI & BLANDIN, LLC

_____
Mark Vajdik, Esq.,
Attorney representing Tashyra Prude
Office & P.O. Address
321 N Clark St #900
Chicago, IL 60654
Tel. No.: (312) 253-8590
Email: attorneymav@gmail.com

WHEREFORE, Petitioners respectfully request the Court immediately revoke the Letters of Administration issued to Tameshay Prude, and permanently revoke her letters, and that the Court issue Letters of Administration to Petitioners herein so that they may jointly administer the estate of their late father, and that the Court grant other and further relief as the Court deems just and proper.

Dated: September 9, 2020

_____
Junera Prude

_____
Tashyra Prude

Sworn to and subscribed before me
this 10 day of _____, 2020
_____
known to me .......
produced identification _____
6304 3954 970 P

_____
VIRGINIA SCAFFIDICCHIA
MY COMMISSION # GG349383
EXPIRES: July 13, 2023

MIRENA F FONTANA
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 27, 2023

ELLIOTT STERN CALABRESE, LLP

_____
David S. Stern, Esq.
Attorney representing Junera Prude
Office & P.O. Address
One East Main Street
Rochester, New York 14614
Tele: (585) 232-4724
Fax: (585) 232-6674
Email: dstern@elliottstern.com

ROMANUCCI & BLANDIN, LLC

_____
Mark Vajdik, Esq.,
Attorney representing Tashyra Prude
Office & P.O. Address
321 N Clark St #900
Chicago, IL 60654
Tel. No.: (312) 253-8590
Email: attorneymav@gmail.com

## VERIFICATIONS

STATE OF ILLINOIS,
COUNTY OF COOK, ss.

Tashyra Prude, being duly sworn, deposes and says:

Deponent has read the foregoing Petition and knows the contents thereof. The contents of the Petition are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Tashyra Prude

Subscribed and sworn to before me
on September 10TH, 2020

_____
Notary Public

```
MIRENA F FONTANA
Official Seal
Notary Public - State of Illinois
My Commission Expires Jun 27, 2023
```

## VERIFICATIONS

STATE OF WISCONSON,
COUNTY OF MILWAUKEE, ss.

Junera Prude, being duly sworn, deposes and says:

Deponent has read the foregoing Petition and knows the contents thereof. The contents of the Petition are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_____
Junera Prude

Subscribed and sworn to before me
on September 10th, 2020

_____
Notary Public

VIRGINIA SCATAMACCHIA
MY COMMISSION # GG349383
EXPIRES: July 13, 2023

Sworn to and subscribed before me
this 10th day of September, 20__
By _____
known to me _____
Produced Identification _____
6304.3.B.94-970 P