UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TAMESHAY PRUDE, as administrator of the estate of DANIEL PRUDE, deceased,

                                              Plaintiffs,

-against-

THE CITY OF ROCHESTER, a municipal entity, LA'RON SINGLETARY, MARK L. SIMMONS, HENRY C. FAVOR, MICHAEL PERKOWSKI, MARK VAUGHN, TROY TALADAY, FRANCISCO SANTIAGO, MICHAEL MAGRI, ANDREW SPECKSGOOR, PAUL RICOTTA JOSIAH HARRIS, FLAMUR ZENELOVIC, MICHAEL HOULIHAN, RANDY BENJAMIN,

                                               Defendants.

**CASE NO.: 20-cv-6675 (FPG)**

## INTRODUCTION

The application of proposed interveners Tashyra Prude and Junera Prude under Federal Rule of Civil Procedure 24(a)(2) and 24(b) should be denied. The application is procedurally improper as the only party with an interest in the "property or transaction that is the subject of the action" is the Estate of Daniel T. Prude (the "Estate"). Tashyra and Junera—potential distributees of the Estate—have no *individual* interest, and their interests as potential distributees are adequately represented by the Estate. Thus, their application should be denied.

This lawsuit arises from the March 23, 2020 incident where Rochester Police Department Officers Mark Vaughn, Troy Taladay and Francisco Santiago used force against Daniel Prude as several other officers stood idly nearby and failed to intervene, causing his death. This case immediately drew international attention when on September 2, 2020, Tameshay Prude publicly released the body worn camera recordings of the incident, which she obtained through an April 3, 2020 records request under the state Freedom of Information Law.

On August 4, 2020, Tameshay Prude, decedent's sister, filed a petition for letters of administration in the Monroe County Surrogate's Court. On August 24, 2020, the Court issued letters of administration to Tameshay Prude for the limited purpose of prosecuting lawsuits against the City of Rochester, the individual RPD officers and any other persons and entities responsible for Mr. Prude's death. This civil rights case, filed on September 8, 2020, is one of those lawsuits. This case seeks systemic reforms in the RPD and the City, which are liable for Mr. Prude's death because their deliberate indifference to the widespread practice of RPD officers using excessive force caused Mark Vaughn, Troy Taladay and Francisco Santiago to use force against Mr. Prude and Josiah Harris, Mark Magri and Andrew Specksgoor and Paul Ricotta to fail to intervene to save Mr. Prude's life. The case also seeks compensatory and punitive damages. On September 4, 2020, Tashyra and Junera filed a joint petition seeking appointment as co-administrators of the estate of Daniel Prude in Monroe County Surrogate's Court, but that petition was rejected by the Court. Thereafter, on September 11, 2020, Tashyra and Junera filed an Order to Show Cause and petition to revoke the letters of administration that were issued to Tameshay Prude, but as of the date of this filing, the Surrogates Court has not signed the Order to Show Cause.

In the Surrogate's Court motion, the proposed intervenors argue that they should be the joint administrators of the estate. In this case, they argue that they have a separate interest than that of the Estate. But that is incorrect—even if proposed intervenors were appointed as joint administrators of the Estate by the Surrogate's Court, the Estate would still be the only party with an interest in this proceeding, and the proper procedure would be a motion to substitute under Rule 25.

At best, proposed intervenors' motion is premature. At worst, their claims lack merit. Upon information and belief, Daniel Prude is not listed as the father on the birth certificates of either Tashyra or Junera, and he was never determined to be their father in a Court paternity proceeding or otherwise. Unless and until these issues are resolved by the Surrogate's Court, Tashyra and Junera have no interest in the "property or transaction that is the subject of the action" because they have not demonstrated they are distributees of the Estate.

Additionally, Tashyra and Junera cannot claim that Tameshay Prude, as administrator of the Estate, has not adequately protected their interests as potential distributees. In fact, the exact opposite is true. Most importantly, neither Tashyra nor Junera filed a Notice of Claim with the City of Rochester—as is required to bring claims for wrongful death, assault, battery, etc. against a municipal entity or its employees under New York State Law. Tameshay Prude, on the other hand, filed a timely Notice of Claim as proposed administrator of the Estate, and subsequently amended the Notice of Claim after she was appointed as administrator and again after the Estate became aware that Tashyra and Junera claimed they were Daniel Prude's children and distributees of his estate.

Moreover, as detailed below, within two weeks of publicly releasing the body worn camera recordings of her brother's murder on September 2, 2020, Tameshay Prude, as administrator of the Estate, achieved unprecedented systemic reforms and justice for her family, which will help prevent RPD officers from killing other unarmed civilians. These reforms and the public admissions that Tameshay Prude obtained from numerous RPD and City officials regarding their culpability in Daniel Prude's death and the subsequent cover-up has vastly increased the value of the punitive damages claims in this case.

Proposed intervenors cannot argue that Tameshay Prude will not continue to provide excellent representation for the Estate and adequately protect any interest they may have in the outcome of this action as potential distributees.

For these reasons and the reasons detailed below, Tameshay Prude, as administrator of the Estate, respectfully submits that the proposed intervenors' motion should be denied.

## LEGAL STANDARD

The Second Circuit has "explained that intervention is a procedural device that attempts to accommodate two competing policies[.]" *Floyd* v. *City of N.Y.*, 770 F.3d 1051, 1057 (2d Cir. 2014) (per curiam) "[O]n the one hand," intervention is designed to permit courts to "efficiently administ[er] legal disputes by resolving all related issues in one lawsuit[.]" *Id.* (quotation omitted). "[O]n the other hand," permitting parties to intervene willy-nilly makes lawsuits "unnecessarily complex, unwieldy or prolonged." *Id.* (quotation omitted). The Circuit has repeatedly emphasized the "fact-intensive nature" of this inquiry. *Id.*; *see also United States* v. *Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994).

"[A] district court must grant an applicant's motion to intervene under Rule 24(a)(2) if (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *Laroe Estates, Inc.* v. *Town of Chester*, 828 F.3d 60, 66 (2d Cir. 2016), *vacated and remanded on other grounds sub nom. Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645 (2017) (quotation omitted). "[A] failure to satisfy any one of these four requirements is a sufficient ground to deny the application." *Floyd*, 770 F.3d at 1057 (quotation, emphasis, and

brackets omitted). "In seeking intervention under this Rule, the proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." *Kamdem-Ouaffo v. PepsiCo, Inc.*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016); *see also Pitney Bowes*, 25 F.3d at 70 ("Under Rule 24(a)(2) the purported intervenor must show that its interest is not adequately represented, while under [a different statute], the government bears that burden.").

"Federal Rule of Civil Procedure 24(b) provides for intervention by permission[:] ... '[o]n timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact.' " *Id.* (quoting Fed. R. Civ. P. 23(b)(1)(B)). Thus, a prerequisite to permissive intervention is that the proposed intervenor must have a distinct claim or defense from that of the "main action".

Unlike intervention as of right under Rule 24(a), "Rule 24(b) does not require a finding that party representation [is] inadequate." *Id.* (citing *United States* v. *Columbia Pictures Indus., Inc.*, 88 F.R.D. 186, 189 (S.D.N.Y. 1980)). Adequate representation weights against permitting intervention, but a court may still permit it if the intervenors will help it resolve a dispute. *See id.* (quoting *United States v. N. Y. C. Housing Auth.*, 326 F.R.D. 411, 418 (S.D.N.Y. 2018)).

## ARGUMENT

Proposed intervenor's application should be denied because Tameshay Prude has provided exceptional representation of the Estate. The application should also be denied because proposed intervenors have no interest in this case separate and apart from that of the Estate, and because permitting their intervention will not help resolve any dispute.

**A. Tameshay Prude has provided exceptional representation as administrator of the Estate.**

Under Rule 24(a)(2), to intervene as of right, proposed intervenors must show that Tameshay Prude, as administrator of the Estate, has not adequately represented their interests in this lawsuit. Proposed intervenors have not affirmatively pled inadequate representation, they cannot now put in proof in their Reply as Tameshay Prude will be unable to respond and regardless cannot meet their burden on this issue.

One of the goals of this lawsuit is to bring about systemic reforms within the Rochester Police Department—to ensure that no other family experiences the pain of a loved one being unnecessarily killed by RPD officers. The Complaint alleges that Mr. Prude's death was caused by the unlawful policies, practices and customs of the City and RPD, which condone officers' use of excessive force by their constitutionally deficient systems of supervision and discipline.

By obtaining the body worn camera recordings and other records through the Freedom of Information Law, and then coordinating their release with community activists and the media, Tameshay Prude, as administrator of the Estate, has achieved unprecedented success in bringing about systemic reforms in just two weeks since the video was released. These results include, but are not limited to:

- Encouraging the state Attorney General, Letitia James, to convene a grand jury against the officers involved in killing Daniel T. Prude;

- Encouraging the state Attorney General, Letitia James, to change her office's policy, and commit to releasing all body worn camera recordings of civilians killed by law enforcement immediately after her office asserts jurisdiction pursuant to Executive Order 147;

- Forcing Mayor Lovely Warren to fire RPD Chief La'Ron Singletary;

- Forcing the entire RPD Command Staff to resign;

- Forcing the Mayor to suspend all seven RPD officers involved in the death of Daniel Prude;

- Forcing the Mayor to suspend Corporation Counsel Tim Curtin for 30 days without pay;

- Forcing the Mayor to suspend Communications Director Justin Roj for 30 days without pay;

- Forcing the Mayor to release an internal report about the mishandling of Daniel Prude's death by the RPD and the City, including release of 323 pages of documents and emails;

- Forcing the Mayor to admit that the RPD has systemic and deeply entrenched problems, and to publicly commit to implementing systemic reforms in the department;

- Encouraging City Council to revoke $12 million in funding that had just been approved for a new RPD station;

- Encouraging City Council to hire an independent investigator, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, to investigate the City of Rochester's response to and handling of the RPD's March 23, 2020 use of force against Daniel Prude.

Your undersigned is unaware of any other police misconduct lawsuit ever achieving such significant and immediate systemic reforms. For example, Daniel Pantaleo, the officer who killed Eric Garner in 2014, was never suspended and was only fired in 2019, five years after he killed Mr. Garner.

This lawsuit also includes claims for compensatory and punitive damages. By forcing the City to admit that high level RPD and City officials conspired to cover up Daniel Prude's death, and that the RPD has "a pervasive problem" and needs to "review all training manuals, regulations and general orders that govern the conduct of Rochester police officers" and institute "systemic reform", Tameshay Prude, as administrator of the Estate, greatly increased the Estate's likelihood of winning liability on its individual and municipal liability claims, and has vastly increased the value of the punitive damages claims. Report of Deputy Mayor James Smith (Sept.

7

14, 2020), available at:

https://www.cityofrochester.gov/WorkArea/DownloadAsset.aspx?id=21474845191.

Clearly, Tameshay Prude, as administrator of the Estate, has adequately protected the potential interests of the putative children. For these reasons, the proposed intervenor's application to intervene as a matter of right under Rule 24(a)(2) must be denied. *See Pitney Bowes*, 25 F.3d at 70 ("Under Rule 24(a)(2) the purported intervenor must show that its interest is not adequately represented").

**B. Tashyra and Junera have no potential interest in this case that is distinct from the Estate and permitting them to intervene will not help resolve any disputes.**

Under Rule 24(a)(2), to intervene as of right, proposed intervenors must show that they have "an interest relating to the property or transaction that is the subject of the action" that is distinct from that of the Estate. Similarly, under Rule 24(b)(1)(B), to intervene permissively, proposed intervenors must "ha[ve] a claim or defense" that is distinct from the "main action."

Tashyra and Junera do not have any interests that are distinct from those of the Estate or claims that are distinct from the "main action". Instead, as potential distributees of the Estate, their interests and damages rise and fall with those of the Estate.

Unlike a wrongful death case under New York State law, in this civil rights case under 42 U.S.C. § 1983, the decedent's children do not have a separate claim for loss of guidance and support. *See, e.g.*, *Donohue* v. *Wing*, 2018 WL 3973012, at *11 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted*, 2018 WL 4425942 (E.D.N.Y. Sept. 17, 2018), *aff'd*, 773 F. App'x 18 (2d Cir. 2019) (to state a 14th Amendment claim for interference with familial association, plaintiffs must show that the defendant intended to interfere with the familial relationship at issue). Thus, proposed intervenors and any other putative children do not have any damages claims that are separate or distinct from those of the Estate.

Thus, as mentioned above, the relief sought by the proposed intervenors is to replace Tameshay as administrator of the Estate. This relief can only be granted by the Monroe County Surrogate's Court. Thus, their application to intervene in this case should be denied.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully submits proposed intervenors' application should be denied.

Dated: New York, New York  Respectfully Submitted,
       September 22, 2020

                        ROTH & ROTH, LLP
                        EASTON THOMPSON KASPEREK SHIFFRIN LLP

                By:     ~//s//~
                      Elliot D. Shields
                      Roth & Roth, LLP
                      Co-Counsel for Plaintiff
                      192 Lexington Avenue, Suite 802
                      New York, New York 10016
                      Tel: (212) 425 1020

                      Donald M. Thompson
                      Easton Thompson Kasperek Shiffrin LLP
                      Co-Counsel for Plaintiff
                      The Powers Building
                      16 West Main Street, Suite 243
                      Rochester, New York 14614
                      Tel: (585) 423-8290