## NOTICE OF CLAIM

-------------------------------------------

In the Matter of the Claim of

TAMESHAY PRUDE, as administrator of the estate of DANIEL PRUDE,

Claimant,

-against-

CITY OF ROCHESTER, TROY TALLADAY, MARK VAUGHN, FRANK
SANTIAGO, JOSIAH HARRIS, SERGEANT MICHAEL MAGRI, and ANDREW
SPECKSGOOR

Respondents.

-------------------------------------------

TO:     Corporation Counsel
        City of Rochester
        30 Church Street
        Rochester, New York 14614

PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim
and demand against you, as follows:

**1. The name and post office address of each claimant and claimant's
attorneys is:**

Tameshay Prude, proposed
administrator of the Estate of Daniel
Terrell Prude,
*Claimant*
8102 South Loomis Blv., Apt. 1,
Chicago, IL 60620

ROTH & ROTH, LLP
*Co-Counsel for the Claimant*
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020
eshields@rothandrothlaw.com

EASTON THOMPSON KASPEREK
SHIFFRIN LLP
*Co-Counsel for the Claimant*
16 West Main Street, Suite 243
Rochester, New York 14614
Ph: (585) 423-8290
dmthompson@etksdefense.com

1

**2. The nature of the claim:**

-SEE RIDER-

**3. The time when, the place where and the manner in which the claim arose:**

-SEE RIDER-

**4. The items of damage or injuries claimed are:**

-SEE RIDER-

***RIDER***

**2      The nature of the claim:**

Claim by TAMESHAY PRUDE, proposed administrator of the Estate of Daniel Terrell Prude, for injuries sustained by Daniel Terrel Prude ("decedent") as a result of intentional, reckless and negligent conduct of Respondents and agents, servants and employees of the City of Rochester ("City"), and by the Rochester Police Department ("RPD"). Claimant brings this claim for: wrongful death; pre-death pain and suffering, and conscious pain and suffering; assault; battery; negligent hiring; negligent training; negligent supervision, including failure to adequately discipline; negligent retention and hiring; interference with family relationship; respondeat superior; violation of civil rights; violation of the Federal and New York State Constitution, wrongful arrest and imprisonment. Claimant also alleges that RPD police officers failed to intervene to prevent the deprivation of claimant's constitutional, civil and common law rights.

**3.      The time when, the place where and the manner in which the claim arose:**

On March 23, 2020, at approximately 3:00 a.m., in the vicinity of the street in front of 435 Jefferson Avenue, Rochester New York, decedent was stopped and arrested by RPD officer Mark Vaughn. Officer Vaughn ordered decedent to lay face down on the ground, and he complied. Vaughn ordered decedent to put his hands behind his back, and he complied. Vaughn then applied handcuffs to decedent's wrists, and he complied, and he did not resist.

Officers Santiago and Talladay then arrived at the scene. Vaughn placed a spit hood over decedent's head. Thereafter, without justification and in violation of good and accepted police practices, Vaughn, Tallady and Santiago pushed decedent from a seated position to a face-down position on the ground and applied force to his neck and back that prevented him from breathing, failed to take off the spit hood, failed to make any attempt to help him when he was in obvious respiratory distress  and caused his death. Vaughn, Tallady and Santiago collectively used deadly force against the decedent when he was naked, handcuffed, and blinded by the spit hood; he obviously posed no danger of escaping custody and was clearly no danger to the officers or anyone else.

Specifically, Vaughn negligently, recklessly and/or intentionally forcibly pushed and held the side of decedent's head on the ground and placed one of his hands around decedent's neck and negligently applied a pressure in a failed attempt at a "hypoglossal nerve technique" to the left side of his jaw. Talladay negligently, recklessly and/or intentionally kneeled on decedent's back with his full body weight. Santiago negligently, recklessly and/or intentionally held and sat on decedent's legs. Vaughn, Talladay and Santiago negligently, recklessly and/or intentionally continued to choke decedent and place pressure about his body causing him to be unable to breathe, resulting in the decedent's death. The decedent was a victim of a homicide due to the conduct of the Respondents. Allegedly according to the final diagnosis of the Office of Chief Medical Examiner of Monroe County, the cause of decedent's death included findings that the death was caused by compression of the chest and the prone positioning of the decedent during physical restraint by the police; profound global hypoxic ischemic injury; cerebral edema; and subfalcine and transtentorial herniation all caused by Respondents.

3

Vaughn, Talladay and Santiago—after Decedent was cuffed and being held down on his stomach by the three officers with a spit hood over his head—negligently, recklessly and/or intentionally continued to choke decedent and place pressure about his body for approximately one to two minutes after he had stopped talking and/or stopped breathing, causing him to die from complications of asphyxia in the setting of physical restraint. According to the Monroe County Medical Examiner, the manner of death was Homicide.

At approximately the time that Vaughn, Talladay and Santiago pushed decedent from a seated position to a laying position, Officer Harris and Sergeant Migri arrived on the scene. Harris and Migri failed to intervene to stop and or prevent the unjustified use of force by the other officers against decedent.

The City was aware prior to the aforesaid incident that the officers who violated decedent's rights were insufficiently trained and incompetent concerning police tactics and procedures. Nevertheless, the City declined to take remedial action. Claimant makes this claim for personal, physical, and emotional injuries sustained by decedent as a result of intentional, reckless, and/or negligent conduct by agents, servants and employees of the City of Rochester ("City"), and by the City of Rochester Police Department ("RPD").

The aforesaid is a direct result of the negligence, recklessness and carelessness of the Respondents, their agents, servants, and/or employees. The aforesaid was a violation of civil rights under 42 U.S.C. § 1983 in that decedent was deprived of his rights, privileges and immunities secured by the Constitution and laws of the United States under color of state law by the agents, servants and employees of the City of Rochester. Respondents failed to use such care in the performance of police duties as reasonably prudent and careful police officers would have used under similar circumstances. Said respondents failed to use proper police procedure and tactics as reasonably prudent and careful police officers would have use under similar circumstances. Rather, the Respondent police officers herein negligently, recklessly and/or intentionally used deadly force against decedent by choking him and sitting on his back, restricting his airway and preventing him from having the ability to breathe when he was handcuffed and wearing a spit hood and was no danger to the officers or anyone else. The officers involved failed to properly report the use of deadly force to superiors, so as to attempt to create a cover up. In addition, the RPD officers present when force was used against decedent failed to stop the use of deadly force against decedent, when they had a duty to do so, because no use of force was justified under the circumstances.

Claimant also alleges that RPD police officers assaulted, battered, and used excessive force against him; and failed to intervene to prevent the deprivation of claimant's constitutional, civil and common law rights. Claimant also alleges negligence in the hiring and retention of incompetent and unfit police employees, negligence in the supervision, training and instruction of such employees, and respondeat superior liability. Respondent City was specifically negligent in its training as to dealing with "emotionally disturbed persons" and/or in making mental health law arrests and/or in dealing with individuals suffering from mental health disorders and/or acute mental health crises, and as to the proper use of

force against individuals in such situations, especially where, as here, the individual was handcuffed before any force was used against him. Further, it is claimed that respondent City of Rochester has continued to improperly supervise officers in the field, including the police officers herein, which allowed decedent to be subjected to force on March 23, 2020 which caused his death; as well as the fact that respondent City of Rochester failed to respond appropriately to past complaints of police misconduct, not only by their own Professional Standards Section, but also the Civilian Review Board, internal complaints, and other public complaints and repots.

4.     **The items of damage or injuries that will be claimed:**
Severe physical injuries and pain and suffering leading to death; injuries reported in the Monroe County Medical Examiner's report; conscious pain and suffering; pre-death pain and suffering; emotional and psychological distress and the horror decedent suffered leading up to and during the assault as described above; loss of future earnings; loss of support; other pecuniary loss; loss of civil rights; loss of life, and interference with the familial relationship. Punitive damages and attorney's fees are also claimed. Due to the actions and/or negligence of the Respondents as aforesaid, the claimant has been damaged by reason of the aforesaid. Said claim and demand is hereby presented for adjustment and payment. You are hereby notified that unless the claim is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on these claims.

**SPOLIATION NOTICE**: The public entity to which this claim is addressed may have records, physical evidence, documents, recordings, or other evidence relevant to a civil claim. This shall serve as notice that all such documents, items, and records should be preserved, regardless of purge schedules, as evidence in a prospective legal action.

The amount of damages for these claims is to be determined at trial.

Elliot Dolby Shields

## INDIVIDUAL VERIFICATION

State of New York, County of New York  ss.:

Elliot Dolby Shields, being duly sworn, deposes and says that I am associated with Roth & Roth, LLP, attorneys representing the Claimant in the within action; I have read the foregoing Notice of Claim and know the contents thereof; and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

X _____

Elliot Dolby Shields

Sworn to before me this
_1_ day of August, 2020

_____
Notary Public

CHRISTIANE C. CRAWFORD
Notary Public, State of New York
Qualified in Kings County
Registration No. 01CR6403815
Commission Expires 02-03-2024

------------------------------------------------

*In the Matter of the Claim of*

TAMESHAY PRUDE, as proposed administrator of the estate of DANIEL PRUDE,

-against-

CITY OF ROCHESTER, TROY TALLADAY, MARK VAUGHN, FRANK SANTIAGO, JOSIAH HARRIS and SERGEANT MICHAEL MAGRI.

------------------------------------------------

### NOTICE OF CLAIM

------------------------------------------------

ROTH & ROTH, LLP
*Co-Counsel for the Claimant*
192 Lexington Avenue, Suite 802
New York, New York 10016
(212) 425-1020

EASTON THOMPSON KASPEREK SHIFFRIN LLP
*Co-Counsel for the Claimant*
16 West Main Street, Suite 243
Rochester, New York 14614
Ph: (585) 423-8290