## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAMESHAY PRUDE, as administrator of the estate of DANIEL PRUDE, deceased, <br><br> Plaintiff, <br><br> -against- <br><br> THE CITY OF ROCHESTER, a municipal entity, LA'RON SINGLETARY, MARK L. SIMMONS, HENRY C. FAVOR, MICHAEL PERKOWSKI, MARK VAUGN, TROY TALADAY, FRANCISCO SANTIAGO, MICHAEL MAGRI, ANDREW SPECKSGOOR, PAUL RICOTTA, JOSIAH HARRIS, FLAMUR ZENELOVIC, MICHAEL HOULIHAN, RANDY BENJAMIN, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § | No. : 6:20-cv-06675-FPG |

### REPLY IN FURTHER SUPPORT OF JOINT PETITION TO INTERVENE

NOW COME the Petitioners, TASHYRA PRUDE and JUNERA PRUDE, by and through their counsel, ROMANUCCI & BLANDIN, LLC; ELLIOTT, STERN & CALABRESE, LLP; and the LAW OFFICES OF MARK VAJDIK, LLC, and in further support of their petition to intervene in the instant matter as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) and permissively pursuant to F.R.C.P. 24(b)(1)(B), state as follows:

### INTRODUCTION

Petitioners have averred that the Respondent *knowingly and intentionally* excluded them and their three siblings- the only heirs to Mr. Prude's estate under existing Illinois and New York law- from probate proceedings, and by extension, the instant proceedings. Petitioners have averred that, in so doing, Plaintiff made knowing misrepresentations to the Surrogate's Court of

Monroe County, New York, and to this Court.  The result that Respondent urges would encourage future petitioners to engage in similar conduct in order to gain "first in time, first in right" standing before the Court.  Petitioners urge that Respondent has already demonstrated that she does not intend to preserve the interests of the Estate, and that intervention is warranted.

## ARGUMENT

Respondent first argues that Petitioners have not affirmatively plead inadequate representation.  However, Petitioners have identified that Respondent affirmatively obtained an Order in Surrogate's court establishing that Petitioners and Mr. Prude's three other children are not heirs to the Estate.  Respondent and their counsel filed sworn documentation before the Surrogate's Court that not only was Mr. Prude was survived by "no issue" (See Ex. A to Petitioner's Motion to Intervene), there were "no other persons" interested in the probate proceedings other than Joe Louis Cole (*Id.*) and that "no other distributes" beyond those identified in the petition "exist **or could possibly exist**." (See Ex. B to Petitioner's Motion to Intervene). It is difficult to conceive of an action more at odds with Petitioners' interests in the instant matter.

Petitioners aver that their petition to obtain letters of administration was not "rejected by the court," and indeed remains pending before the Court.  The Surrogate Court of Monroe County entered an Order on September 29th, 2020 for Respondent to show cause as to why an Order revoking her appointment as Limited Administrator should not be entered pursuant to SPCA Section 711, and enjoining Respondent from "taking any further actions on behalf of the Estate as its representative, specifically including any further action with regard to the proceeding filed in the United States District Court for the Western District of New York in her name on behalf of the Estate of Daniel Prude other than to voluntarily dismiss that action,

without prejudice, pursuant to F.R. Civ. P. 41(a)(1)(a)." *See Ex. A, Surrogate's Court Order of September 29, 2020, No 2020-1616 B; Exhibit B Surrogate Court's Order of September 29, 2020, No. 2020-1616* [1]. Should this Court deny Petitioners the right to intervene, and should the Surrogate's Court determine that the letters of administration are due to be withdrawn, this matter may outright require dismissal.

Respondent alleges that "we," presumably Respondent and her counsel, learned of Petitioners' relationship with their father on September 3rd, 2020. ECF Doc. 4-1. This is difficult to square with evidence submitted by Petitioners to the Surrogate's Court, including Mr. Prude's release of cremains form identifying both Junera Prude and Tameshay Prude as potential recipients (Ex. C), the funeral program of Dorothy Prude, mother of Daniel Prude, identifying Daniel Prude's grandchildren (Ex. D), and messages from Joe Prude to Tashyra Prude (Ex. E) and from Respondent to Junera Prude (Ex. F) referring to Mr. Prude as Petitioners' "Daddy" and identifying familiar relationships. It is also difficult to square this assertion with Respondent's allegation that Daniel Prude's name does not appear on the birth certificates of Petitioners; Petitioners' paternity seems to have warranted sufficient attention from Respondent to warrant some level of investigation into their birth certificates, but not enough to notify the Court of Petitioner's potential rights of heirship, nor enough to provide notice of the proceedings to Petitioners or their siblings.

Respondent argues at length that she has adequately represented the interests of the estate by engaging in the instant litigation. This argument overlooks the fact that Respondent was able to engage in the instant litigation as a direct result of intentionally denying Petitioners the opportunity to do so. The Second Circuit is clear that "nonfeasance" may adequately

---

[1] Petitioners note that they have not requested, nor do they seek, the right to discontinue a lawsuit for the wrongful death and constitutional deprivations of Daniel Prude.

demonstrate inadequacy of representation. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 180 (2d Cir. 2001); *Oneida Grp., Inc v. Steelite Int'l U.S.A., Inc.,* 2017 U.S. Dist. LEXIS 206717, *34 (E.D.N.Y. 2017). While Petitioners believe reform efforts are certainly warranted, Petitioners respectfully assert that the refusal to act as responsible fiduciaries of the estate by accurately identifying putative heirs to the Court demonstrates significant inadequacy of representation to warrant intervention.[2]

Petitioners reiterate that Second Circuit law interpreting the New York state wrongful death statute permits recovery of damages unique to a decedent's children, regardless of the age of the decedent's children. *See McKee v. Colt Electronics Co.*, 849 F.2d 46, 51 (2d Cir. 1988). ("New York law allows children of any age to recover for pecuniary injury derived from loss of a parent's contribution to income or household services; we do not believe that New York prohibits the same children from recovering proven pecuniary losses for nurture, care, and guidance.")  Petitioners submit that, given Respondent's earlier efforts to deprive Petitioners of the right of heirship, evidence of these damages- including Daniel Prude's ongoing and open relationship with his children- is unlikely to be adequately explored by existing parties. Intervention as a matter of right is appropriate and warranted in the instant matter.

Respondents make no argument with regard to Petitioners' assertion they are entitled to permissive intervention pursuant to F.R.C.P. 24(b).  The facts underlying the instant petition more than adequately demonstrate entitlement to permissive intervention under this Court's broad discretion.  Courts have found permissive intervention warranted notwithstanding a finding of adequacy of representation.  *See Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747, 754

---

[2] While Petitioners no have no affirmative burden to demonstrate the adequacy of counsel, Petitioners respectfully submit that Petitioners' counsel have been responsible for significant civil rights and wrongful death successes, including a $44.7 million *Monell* judgment, a $21.3 million wrongful death verdict resulting from a police pursuit, and the imposition of municipal consent decrees.

(E.D.N.Y. 2016) (granting permissive intervention to the Suffolk County Police Benevolent Association despite the fact that individual members interests were seemingly represented by Suffolk County), *aff'd*, 685 F. App'x 69 (2d Cir. 2017); *Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-CV-230, 2015 U.S. Dist. LEXIS 104945, 2015 WL 4758255, at *6-7 (D. Vt. Aug. 11, 2015); *Allco Fin.*, 300 F.R.D. at 88; *First Mercury Ins. Co. v. Shawmut Woodworking & Supply, Inc.*, No. 3:12CV1096 (JBA), 2014 U.S. Dist. LEXIS 199084, 2014 WL 12573387, at *6 (D. Conn. June 17, 2014). Given the underlying Surrogate's Court proceedings and the Orders enjoining Respondent from acting in this matter, intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." See FED. R. CIV. P. 24(b)(3).   Permissive intervention is similarly warranted in the instant case.

WHEREFORE, Petitioners respectfully request that this Honorable Court enter an Order granting Tashyra Prude and Junera Prude's Petition to Intervene, and for any further relief this Court deems just and proper.

Dated: September 30, 2020

                              Respectfully Submitted,

                            By: __/s/__Francis Ciardi_____
                               Attorney for Petitioners

                              Francis Ciardi
                              David Stern
                              **ELLIOTT, STERN & CALABRESE, LLP**
                              One East Main Street
                              Rochester, New York 14614
                              Tel: (585) 232-4724
                              Fax: (585) 232-6674
                              dstern@elliottstern.com
                              fciardi@frankciardilaw.com

        Antonio M. Romanucci (*pro hac vice pending*)
        Nicolette A. Ward (*pro hac vice pending*)
        **ROMANUCCI & BLANDIN, LLC**
        321 N. Clark Street, Suite 900
        Chicago, IL 60654
        Tel: (312) 458-1000
        Fax: (312) 458-1004
        aromanucci@rblaw.net
        nward@rblaw.net