

**City of Rochester**

Department of Law
City Hall Room 400A, 30 Church Street
Rochester, New York 14614-1295
www.cityofrochester.gov

**Patrick Beath**
Deputy Corporation Counsel

October 6, 2020

**BY ECF**
Hon. Frank P. Geraci, Jr.
Chief United States District Judge
U.S. Courthouse
100 State Street
Rochester, New York 14614

      Re:    *Prude v. City of Rochester, et al.*
                   6:20-cv-6675 (FPG)

Your Honor:

     I represent the defendant City of Rochester in this matter, and I write to request that defendant's time to answer the complaint be stayed until (1) plaintiff Tameshay Prude's appointment as administrator of the estate of Daniel Prude is confirmed and/or this Court rules on the pending intervention motion; (2) plaintiff Tameshay Prude attends an examination pursuant to General Municipal Law § 50-h; and (3) the individual named defendant police officers are served with process and the City is able to make a determination as to their defense and indemnification. The undersigned is happy to attend a conference to address these matters or to file a formal motion as Your Honor deems appropriate.

     This matter arises from the death of Daniel Prude following his detention by Rochester police officers in the early morning of March 23, 2020. Tameshay Prude filed a notice of claim with the City of Rochester on July 30, 2020, representing herself to be the "proposed administrator" of the estate of Daniel Prude. Thereafter, the City noticed Ms. Prude for a 50-h examination to take place on September 11, 2020. On the afternoon of September 10, 2020, Ms. Prude suddenly cancelled the 50-h examination and, to date, has not rescheduled.

     Tameshay Prude filed the instant action on September 8, 2020, in her capacity as Administrator of her brother's estate. The complaint purports to assert claims against the City of Rochester and fourteen individual employees of the Rochester Police Department. The City of Rochester was served with process on September 21, 2020, but, upon information and belief, none of the fourteen individual defendants have been served with the complaint.

     On September 17, 2020, even before the City of Rochester was served with process, two of Daniel Prude's daughters, Tashyra and Junera Prude, moved to intervene in this matter, contending that, in the Surrogates Court proceeding, Administrator Tameshay Prude had failed to identify them and other children of Daniel Prude as potential distributees of the estate and



that, as a result, an application was pending to remove Tameshay Prude as estate Administrator.

In light of the foregoing, the City of Rochester asks that the Court stay its time to answer the complaint until the above issues are resolved.

First, Tameshay Prude may not proceed with any claims arising under state law without first sitting for a 50-h examination.

Second, in the event that Ms. Prude is removed as administrator, she will no longer have standing to prosecute this action, rendering any answer filed by the City to her 328-paragraph complaint a nullity.

Third, in the event that Tashyra and Junera Prude are allowed to intervene, they may assert their own claims or—if either is ultimately appointed Administrator of the Daniel Prude estate—may assert new or different claims that those set forth in the current complaint on behalf of the estate.

Fourth, the City of Rochester has an obligation under City Charter to defend and indemnify its employees where they are sued over actions taken in the scope of employment. As noted above, there are 14 named defendants who are City employees and may be entitled to defense and indemnification.  However, even if those employees were served with process, the City cannot make a representation decision at this juncture because there are still pending investigations by the New York Office of the Attorney General and by the RPD's Professional Standards Section.

In light of the foregoing, the City respectfully requests that its time to answer the complaint be stayed until (1) plaintiff Tameshay Prude's appointment as administrator of the estate of Daniel Prude is confirmed and/or this Court rules on the pending intervention motion; (2) plaintiff Tameshay Prude attends an examination pursuant to General Municipal Law § 50-h; and (3) the individual named defendant police officers are served and the City is able to make a determination as to their defense and indemnification.

Respectfully submitted,

/s/
Patrick Beath
Deputy Corporation Counsel

cc: Donald M. Thompson (By ECF)
Elliot Dolby Shields (By ECF)
*Attorneys for Plaintiff*

David S. Stern (By ECF)
Francis M. Ciardi (By ECF)
*Attorneys for Intervenor Plaintiffs*