UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

NATHANIEL MCFARLAND, in his capacity as
supervised and ancillary administrator of the ESTATE
OF DANIEL PRUDE,

        Plaintiff,

        v.

THE CITY OF ROCHESTER, MARK VAUGHN,
TROY TALADAY, FRANCISCO SANTIAGO,
MICHAEL MAGRI, ANDREW SPECKSGOOR,
JOSIAH HARRIS, and other as-yet-unidentified
Rochester police officers,

        Defendants.

―――――――――――――――――――――――――

**ATTORNEY AFFIDAVIT IN
SUPPORT OF MOTION TO
APPROVE SETTLEMENT**

**No. 6:20-cv-006675-FPG**

STATE OF ILLINOIS      )
                 ss:)
COUNTY OF COOK     )

    **MATTHEW J. PIERS**, being duly sworn, deposes and states:

    1.     I am an attorney duly licensed to practice law in the State of Illinois and maintain

offices for that purpose at 70 W. Madison St., Suite 4000, Chicago, IL 60602. I am a shareholder

of the firm Hughes Socol Piers Resnick & Dym, Ltd. I am admitted to practice in the United States

District Court for the Western District of New York.

    2.     I have at all times since September 5, 2020, represented Nathaniel McFarland, the

supervised and ancillary administrator of the Estate of Daniel Prude and the son of Daniel Prude.

    3.     I submit this affidavit in support of Plaintiff's motion to approve the settlement of

this matter, along with attorneys' fees and disbursements in accordance with the retainer

agreement.

4.      On September 16, 2020, the Cook County Probate Court in Illinois temporarily appointed Nathaniel McFarland Independent Administrator to Collect. Ex. A. On November 12, 2020, the Cook County Probate Court in Illinois appointed Nathaniel McFarland Supervised Administrator of Daniel Prude's Estate. Ex. B. On December 3, 2020, the Monroe County Surrogate's Court appointed him Ancillary Administrator of the Estate of Daniel Prude and revoked the Letters of Administration with Limitations previously issued to Tameshay Prude, decedent's sister. Ex. C. On January 5, 2021, this Court substituted Nathaniel McFarland for Tameshay Prude as Plaintiff in the above-referenced matter. ECF No. 19.

5.      On September 5, 2020, the Plaintiff Nathaniel McFarland retained the law firms of Adam David Ingber, P.C., and Hughes Socol Piers Resnick & Dym, Ltd., to represent him in connection with the prosecution of a lawsuit against certain officers of the City of Rochester Police Department, the City of Rochester, and others, arising out of the death of his father Daniel Prude, on March 30, 2020.

6.      On September 17, 2020, after being appointed Independent Administrator to Collect, Plaintiff Nathaniel McFarland signed a similar representation agreement, in his capacity as Independent Administrator to Collect. This retainer identified as co-counsel Faraci Lange, LLP. These three firms—Adam David Ingber, P.C.; Hughes Socol Piers Resnick & Dym, Ltd.; and Faraci Lange, LLP—are referred to herein as Plaintiff's Counsel. Nathaniel McFarland consented in the retainer to the split of attorneys' fees among Plaintiff's Counsel.

7.      On November 24, 2020, after being appointed Supervised Administrator of the Estate of Daniel Prude, Plaintiff Nathaniel McFarland signed a similar representation agreement, in his capacity as Supervised Administrator of the Estate, again consenting to the split of fees among Plaintiff's Counsel. This November 24, 2020 retainer is attached as Exhibit D.

8.      This Lawsuit was initially filed by Tameshay Prude in her capacity as administrator of the Estate of Daniel Prude. *See* ECF No. 1. After the Monroe County Surrogate's Court revoked Ms. Prude's letters of administration, this Court granted Nathaniel McFarland's motion to intervene and substituted him as Plaintiff in this case, *see* ECF No. 18.

9.      After Plaintiff's Counsel appeared in the case, they prepared and filed an amended complaint. *See* ECF No. 24.

10.     As set forth in the affidavit of Nathaniel McFarland, this is an action for the wrongful death of decedent Daniel Prude, seeking damages for his pain, suffering, and terror prior to his death, as well as pecuniary injuries to his five children (the "Lawsuit"). As alleged, in the early morning hours of March 23, 2020, Daniel Prude was suffering from an acute mental health crisis. His brother called 911 out of concern for Mr. Prude's safety after he abruptly ran out of his brother's house without shoes and without a coat in freezing cold temperatures. The defendant Rochester Police Officers who located Mr. Prude were responding to that 911 call. When the officers located Mr. Prude, he was completely naked in the middle of the street and clearly both disoriented and unarmed. The officers ordered him to lay down onto the freezing cold pavement, cuffed him behind his back, slipped a spit hood over his head from behind while he remained naked on the freezing pavement. Then three of the defendant Rochester Police Officers forced Mr. Prude to the ground and pinned his head and chest forcefully down onto the street for several minutes, thereby suffocating him as he struggled to breath. Mr. Prude lost and never regained consciousness. He was pronounced dead seven days later, on March 30, 2020.

11.     This Lawsuit asserts claims under 42 U.S.C. § 1983 for excessive force, failure to intervene, and deliberate indifference to Mr. Prude's serious medical needs; claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and state law claims

for intentional infliction of emotional distress/outrageous conduct causing emotional distress, common law battery, common law negligence, gross negligence, and wrongful death. *See* ECF No. 41 (Second Amended Complaint).

12.     The Lawsuit seeks damages for loss of life, conscious pain and suffering, wrongful death, and punitive damages. It also seeks recovery of Plaintiff's attorneys' fees and costs.

13.     Defendants deny all liability.

14.     In early 2021, Plaintiff's Counsel engaged in an initial round of settlement discussion with Defendants, but no settlement was reached.

15.     With the Court's permission, the parties participated in a phase of discovery intended to facilitate future mediation efforts. Plaintiff's Counsel served extensive written discovery requests on Defendants and served record subpoenas on the New York Attorney General's Office, the Monroe County Medical Examiner's Office, and American Medical Response. Plaintiff's Counsel undertook multiple rounds of meet-and-confer conferences to obtain compliance on these discovery requests. Plaintiff's Counsel also undertook investigation outside of formal discovery channels by issuing Freedom of Information Law ("FOIL") requests and obtaining Daniel Prude's medical records. Plaintiff's Counsel also responded to written discovery served by Defendants. The parties exchanged approximately 20,000 pages of documents and hours-worth of body worn camera video recordings.

16.     During this phase, Plaintiff's Counsel also engaged several experts as consultants, including one ER doctor, two forensic pathologists, and a police practices expert. These experts reviewed key case materials, educated Plaintiff's Counsel on medical and technical matters crucially important to this case, and advised Plaintiff's Counsel on deposition preparation.

17.     Plaintiff's Counsel deposed all six defendant Rochester Police Officers and one non-party witness, Dr. Nadia Grainger. Dr. Grainger is the Monroe County Medical Examiner who conducted the autopsy of Daniel Prude and gave an expert opinion on Mr. Prude's cause of death. These depositions required extensive preparation and were crucially important to successful mediation.

18.     In light of the complexity of this matter and its significance to the community, and with agreement of the parties, in early 2022, this Court appointed two federal judges to serve as mediators in this action, Hon. LaShann DeArcy Hall of the United States District Court for the Eastern District of New York, and Hon. Magistrate Judge Jonathan Feldman of the United States District Court for the Western District of New York.

19.     During the mediation phase of this case, Plaintiff's Counsel prepared detailed written mediation statements and created a composite video of the police interaction with Daniel Prude that led to his death. Plaintiff's Counsel made a detailed mediation presentation to the mediators and defense counsel on April 4, 2022, which included the composite video, as well as important documents obtained through discovery and video excerpts from the depositions of the defendant officers and the medical examiner. Plaintiff's Counsel also spent many hours in communication with Mr. McFarland, co-counsel, and the mediators.

20.     After extensive arm's length, mediated negotiations, lasting over several months, including over a half-dozen mediation sessions between Plaintiff's Counsel and the mediators or among Plaintiff's Counsel, the mediators, and defense counsel, the parties have reached a settlement in principle.

21.     The terms of the settlement in principle include the following:

- The Lawsuit is settled for a payment by Defendant City of Rochester to the Plaintiff in the total amount of twelve million dollars ($12,000,000) (the "Settlement Amount").

- The Lawsuit will be dismissed with prejudice, waiver of any right to appeal, and a general release of the Defendants (and their agents, successors and employees) by the Plaintiff Administrator.

- There will be no admission of liability.

- Fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for conscious pain and suffering ("Survival Claims"), and the remaining fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for pecuniary injuries to five children, the heirs, resulting from the decedent's death ("Wrongful Death Claims"). No portion of the Settlement Amount is to be paid for punitive damages.

- Thirty-three percent of the total Settlement Amount (33 percent of the Survival Claims damages ($1,980,000) and 33 percent of the Wrongful Death Claims damages ($1,980,000)) will be paid as attorneys' fees to Plaintiff's Counsel, for a total of three million nine-hundred and sixty thousand dollars ($3,960,000) in attorneys' fees.

- One-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents (($116,808.92) of the Settlement Amount ($58,404.46 of the Survival Claims damages and $58,404.46 of the Wrongful Death Claims damages) are to be paid to Plaintiff's Counsel for disbursements, to reimburse Plaintiff's Counsel for costs incurred in advancing the claims in the above-referenced action.

22.  Plaintiff's Counsel, including affiant, have extensive experience in wrongful death and police misconduct matters. Through the efforts described above, Plaintiff's Counsel have gained a deep understanding of the factual record in this matter, the strengths and weaknesses of Plaintiff's claims, and the value of comparable jury verdicts and settlements. In affiant's opinion, the amount offered in this settlement is the maximum amount that Defendants were willing to offer to voluntarily resolve this case. As a result of the combined experience of Plaintiff's Counsel, including experience in the Western District of New York, as well as verdict research conducted and the advice of the mediators, it is our opinion that a verdict of less than the amount of the

settlement is at least equally as likely as a verdict in excess of the settlement amount, and there is also a possibility if this case were tried that a jury could return a verdict for Defendants. In affiant's opinion, the proposed settlement is fair and reasonable, and it is in the best interest of the Estate and the distributees to accept the proposed settlement amount of twelve million dollars ($12,000,000) and avoid the cost and risk of further legal proceedings and trial.

23.     Under the terms of the retainer agreement, Ex. D, Plaintiff's Counsel are entitled to attorneys' fees in the amount of 33% of the recovery, and in addition, are entitled to be reimbursed for disbursements incurred in advancing the claims in the above-referenced action.

24.     In addition to thousands of hours of attorney time, Plaintiff's Counsel has made disbursements totaling one-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents ($116,808.92), including for retention of experts and retention of experienced probate counsel to represent the Plaintiff in the Monroe County, New York Surrogate's Court as well as the Circuit Court of Cook County, Illinois, Probate Division in order to protect the integrity of the decedent's estate and the ability to properly prosecute this case on behalf of the Estate and its lawful heirs. Annexed hereto as Exhibit E are itemized lists of disbursements.

25.     As described above, Plaintiff's Counsel invested considerable time and resources toward achieving a favorable outcome in this Lawsuit. *See* ¶¶ 9, 14-22, 25, *supra*. Affiant therefore respectfully requests that this Court allow Plaintiff's Counsel their disbursements in the sum of one-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents ($116,808.92) and a fee of three million nine-hundred and sixty thousand dollars ($3,960,000) as their legal fee, for a total fee and disbursements in the sum of four million seventy-six thousand eight-hundred and eight dollars and 92 cents ($4,076,808.92).

26.     Plaintiff further requests that the Court direct the establishment of two Qualified Settlement Funds ("QSF") within the meaning of United States Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1—one to receive the Survival Claims damages net of attorneys' fees and case disbursements and the other to receive the Wrongful Death Claims damages net of attorneys' fees and case disbursements. The purpose of a QSF is to allow the Cook County Probate Court to, in its discretion, order that the distributees receive their distributions from the net settlement proceeds in the form of structured future payments (a structured settlement) preserving the tax benefits of such a distribution. A QSF provides a vehicle where the distributees and their attorneys avoid any constructive receipt of a lump sum settlement which would void the tax advantages offered by a structured settlement where the interest earned on the principal is not subject to income taxation. The Probate Court may well decide that lump sum distributions to the distributees are appropriate, but a QSF allows the court the discretion to order structured future payments preserving the tax advantages offered by a structured settlement.

27.     The Cook County Probate Court in Illinois authorized Plaintiff Nathaniel McFarland, as Supervised Administrator of the Estate of Daniel Prude, to enter into a settlement, including attorneys' fees and disbursements, without further approval of the Probate Court, subject to this Court's approval of the settlement. A copy of that Order is attached as Exhibit F.

28.     No previous application has been made for the relief or order sought herein.

29.     Affiant is not aware of other claims or settlements, aside from those in this action, arising out of the same occurrence.

**WHEREFORE**, your affiant prays the Court to enter the Proposed Order Approving Settlement attached hereto as Exhibit G.

Dated: October 5, 2022

MATTHEW J. PIERS
*One of the Attorneys for Plaintiff*
HUGHES SOCOL PIERS RESNICK &
DYM, Ltd.
70 W. Madison Street Suite 4000
Chicago, Illinois 6060
Tel: 312.580.0100
Fax: 312.580.1994
mpiers@hsplegal.com

Sworn to before me this 5th
day of October 2022

Notary Public

JUDITH KAY MCGEE
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
July 09, 2026

9

# EXHIBIT A

3

Date of Death: 03/30/2020

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT - PROBATE DIVISION

Case No. _____ 2020-P-4823 _____ Calendar _____ 08 _____

Estate of _____ DANIEL PRUDE _____ Deceased

## ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the PETITION of _____ NATHANIEL McFARLAND _____
[printed name of the Petitioner]

for issuance of Letters of Administration, the Court having been advised that the proposed representative is qualified to act as administrator under §9-1 of the Probate Act of 1975 [755 ILCS 5/9-1];

IT IS ORDERED THAT:

A. Letters of Administration issue to _____ NATHANIEL McFARLAND _____ as
[printed name of the proposed representative]

- ☐ Supervised Administrator  4232
- ☐ Supervised Administrator to Collect  4249
- ☐ Supervised Administrator de bonis non  4237
- ☐ Supervised Co-Administrators  4227
- ☐ Independent Administrator  4230
- ☒ Independent Administrator to Collect  4248
- ☐ Independent Administrator de bonis non  4236
- ☐ Independent Co-Administrators  4231

B. The representative present to the Court:

☐ 1. an INVENTORY as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear

before the Court on, _____, at _____ M;  ☐ 4192
[not more than 60 days after the date of this Order]

☐ 2. an ACCOUNT as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear

before the Court on, _____, at _____ M.;  ☐ 4297
[not more than 14 months after the date of this Order]

☐ 3. a FINAL REPORT as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear

before the Court to present a written status report on, _____, at _____ M  ☐ 4297
[not more than 14 months after the date of this Order]

C. If the representative is a nonresident, no assets shall leave the State of Illinois without court order, and the representative's attorney shall act as the representative's resident agent and accept service of process, notice or demand required or permitted by law. _Letters to collect shall Expire_  ☐ 4262
_on 10/19/20_

Attorney Number _56304_

Name _James G. Riley_

Firm Name _FMS Law Group LLC_

Attorneys for _Petitioner_

Address _200 W. Monroe St., Ste. 750_

City/State/Zip _Chicago, Illinois 60606_

Telephone _(312) 332-6381_

Email _james.riley@fmslawgroup.com_

ENTERED:

[Judge] _____ 20
Judge _____ [Judge's number]
Judge _____-2185

SEP 16 2020

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

CCP 0314 (Rev. 10/1/2018)   Dorothy Brown, Clerk of the Circuit Court of Cook County   Page 1 of 1

# EXHIBIT

# B

2

Date of Death: 3-20-20

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Case No. _____ 2020-P-4823 _____   Calendar _____ 08 _____

Estate of _____ DANIEL PRUDE _____
                                                                 Deceased

## ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the **PETITION** of _____ Nathaniel McFarland _____
                          [printed name of the Petitioner]

for issuance of Letters of Administration, the Court having been advised that the proposed representative is qualified to act as administrator under §9-1 of the Probate Act of 1975 [755 ILCS 5/9-1];

**IT IS ORDERED THAT:**

A. Letters of Administration issue to        NATHANIEL McFARLAND                        as
                                         [printed name of the proposed representative]

| | | | | |
|---|---|---|---|---|
| ☑ Supervised Administrator | 4232 | ☐ Independent Administrator | 4230 |
| ☐ Supervised Administrator to Collect | 4249 | ☐ Independent Administrator to Collect | 4248 |
| ☐ Supervised Administrator de bonis non | 4237 | ☐ Independent Administrator de bonis non | 4236 |
| ☐ Supervised Co-Administrators | 4227 | ☐ Independent Co-Administrators | 4231 |

B. The representative present to the Court:

☑ 1. an **INVENTORY** as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear

     before the Court on, _____ 12-21 _____, at _10A_ M;   ☐ 4192
                          [not more than 60 days after the date of this Order]

☑ 2. an **ACCOUNT** as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear

     before the Court on, _____ 01/12/2022 _____, at _10:00 A._ M.;   ☐ 4297
                          [not more than 14 months after the date of this Order]

☐ 3. a **FINAL REPORT** as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear

     before the Court to present a written status report on, _____ at _____ M   ☐ 4297
                                          [not more than 14 months after the date of this Order]

C. If the representative is a nonresident, no assets shall leave the State of Illinois without court order, and the representative's attorney shall act as the representative's resident agent and accept service of process, notice or demand required or permitted by law.   ☐ 4262

D. Letters of Office as Administrator to Collect shall be Terminated after Letters of Supervised Administration are Issued.

Attorney Number _____ 56304 _____          **ENTERED:**

Name _____ James G. Riley _____                                                    , 20 _____

Firm Name _____ FMS Law Group LLC _____

Attorneys for _____ Nathaniel McFarland _____

Address _____ 200 W. Monroe St., Ste. 750 _____     [Judge]              [Judge's number]

City/State/Zip _____ Chicago, Illinois 60606 _____

Telephone _____ (312) 332-6381 _____                    NOV 12 2020

Email _____ Jamesriley@fmslawgroup.com _____

CCP 0314 (Rev. 10/1/2018)        **Dorothy Brown, Clerk of the Circuit Court of Cook County**        Page 1 of 1

I hereby certify that the document to which this
certification is affixed is a true copy.

Date _____ NOV 1 2 2020

Dorothy Brown
Clerk of the Circuit Court
of Cook County, IL

LETTERS OF OFFICE-DECEDENT'S ESTATE                    (Rev. 12/23/03) CCP 0415

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

**DANIEL PRUDE**

No.  **2020 P 004823**

Docket

**Deceased**

Page

## LETTERS OF OFFICE - DECEDENT'S ESTATE

**NATHANIEL McFARLAND** _____ has been appointed

**Supervised**                **Administrator** _____ of the estate of

**DANIEL PRUDE** _____, deceased,

who died **Friday, March 20, 2020** _____, and is authorized to to take possession of and collect the

estate of the decedent and to do all acts required by law.

LS                    WITNESS,  **November 12, 2020** _____

**Dorothy Brown**
**Clerk of the Circuit Court**

## CERTIFICATE

I certify that this is a copy of the letters of office now in force in this estate.

WITNESS, **November 12, 2020** _____

TG

_____
**Clerk of Court**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT

# C

At a Surrogate's Court of the State of
New York held in and for the County
of Monroe, at Rochester, New York

Present:  Hon. John M. Owens, Surrogate

------------------------------------------------------------------X

Ancillary Administration Proceeding,
Estate of

**DANIEL PRUDE,**

A domiciliary of the State of Illinois,

Deceased.

------------------------------------------------------------------X

**ORDER REVOKING LETTERS OF
ADMINISTRATION AND
GRANTING ANCILLARY LETTERS
OF ADMINISTRATION WITH
LIMITATIONS**

File No. 2020-1616

A verified Petition having been filed by Nathaniel McFarland praying that Tameshay Prude
be removed as Administrator pursuant to SCPA §711, and for Ancillary Letters of Administration
of the Estate of Daniel Prude, deceased, for which Letters of Administration have been issued by
the State of Illinois, said state being the domicile of decedent at his date of death and said Petition
having set forth facts upon which the jurisdiction has been obtained over all persons entitled to
process in this proceeding, and that said decedent at death was possessed of property in this state;
now it is

ORDERED AND DECREED that the Letters of Administration with Limitations previously
issued to Tameshay Prude by this Court on August 24, 2020 be revoked; and it is further

ORDERED AND DECREED that Ancillary Letters of Administration issue to Nathaniel
McFarland upon proper qualification and the filing of a bond be and hereby is dispensed with; and
it is further

ORDERED AND DECREED that the authority of such administrator be restricted in
accordance with, and that the letters herein issued contain, the limitation as follows:

Limitations/Restrictions:  Pursuant to EPTL 5-4.6, the personal representative of the estate
shall petition the Surrogate's Court for allocation and distribution of any recovery in wrongful
death.  The attorney of record and the personal representative for the estate shall finally settle the
estate within 60 days of the date of the Surrogate's decree compromising the wrongful death
action; and it is further

ORDERED AND DECREED that the Temporary Ancillary Letters of Administration
previously issued to Nathaniel McFarland be revoked.

Dated: _Decemner 15_, 2020

_____
John M. Owens
Surrogate

SURROGATE'S COURT
MONROE COUNTY

FILED
2020 15

# EXHIBIT D

REPRESENTATION AGREEMENT BETWEEN
ADAM DAVID INGBER, P.C.,
HUGHES SOCOL PIERS RESNICK & DYM, LTD.
and
THE ESTATE OF DANIEL PRUDE

This Agreement is made on November 2021 2020 between the Estate of Daniel Prude

("Client" or "the Estate") through Nathaniel McFarland in his capacity as Supervised

Administrator of the Estate and the law firms of Adam David Ingber, P.C., 150 N. Michigan

Ave, Suite 2800, Chicago, Illinois 60601 ("Ingber"), and Hughes Socol Piers Resnick & Dym,

Ltd., Three First National Plaza, Suite 4000, Chicago, Illinois 60602 ("HSPRD").  Ingber and

HSPRD are collectively referred to in this Agreement as "the Firms." This Agreement

supersedes and replaces any earlier oral or written understandings among the undersigned.

## SECTION 1. STATEMENT AND SUBJECT OF EMPLOYMENT

Client hereby retains and employs the Firms to represent Client in the prosecution of a

lawsuit against certain officers of the Rochester, N.Y. Police Department, the City of Rochester,

N.Y. and others ("Respondents"), arising out of the death of Daniel Prude on or about March 30,

2020. The Firms do not agree to bring any claims on behalf of Client other than the ones

described in this paragraph.

## SECTION 2.  NO PAYMENT EXCEPT OUT OF RECOVERY FROM DEFENDANT

Client will not be charged any attorneys' fees, costs, or expenses associated with

preparing and presenting Client's claims, except as provided herein. No payment shall be due

from Client for fees, costs, or expenses, unless recovery for those amounts is received from one

or more Defendants.

## SECTION 3. ATTORNEYS' FEES

A.      In the event any lawsuit on Client's behalf related to the matters described in

Section 1 results in a successful settlement or judgment, the Firms and their co-counsel, the law

firm of Faraci Lange, LLP ("Faraci"), shall be entitled to receive reasonable attorneys' fees, determined by the greater of:

(1)     The applicable hourly rates charged at the time of settlement or judgment by the Firms and Faraci for attorneys and paralegals and other staff working on civil rights and other complex litigation matters for all hours worked; or

(2)     Thirty-three percent (33%) of any recovery obtained for the Client prior to the beginning of trial, forty percent (40%) of any recovery obtained for Client if the matter proceeds to trial, as a result of a settlement or judgment, including judgment as a matter of law or a verdict entered by a judge or jury, inclusive of all attorneys' fees and costs awarded to Client. These percentages shall be applied to the total amount of recovery for Client including any award of attorneys' fees.

B.     Client understands that Client may have legal claims against one or more Respondents for attorneys' fees, costs and expenses, pursuant to the Civil Rights Attorneys Fees Award Act and other federal, state or local fee shifting statutes, to require Defendants to pay Client's reasonable attorneys' fees, out-of-pocket costs, and expenses. Client hereby irrevocably assigns to the Firms his claims for payment of fees, costs and expenses.

C.     Client has been informed that any attorneys' fees received pursuant to this Agreement shall be divided as follows: one-third (1/3) to HSPRD, one-third (1/3) to Ingber, and one-third (1/3) to Faraci. Client has been shown the co-counsel agreement with Faraci and agrees to its terms.

## SECTION 4. COSTS AND OTHER EXPENSES

Costs, disbursements, and reasonable personal and travel expenses incurred by the Firms and Faraci in advancing Client's claims are to be advanced by the Firms and Faraci as necessary

and in the Firms' and Faraci's discretion. Any outstanding cost advances will be deducted from any recovery from or on behalf of the Respondent(s). Costs and expenses shall be reimbursed in addition to the payment of attorneys' fees. Client is only required to reimburse the Firms and Faraci for their costs and expenses from money recovered from a settlement or judgment.

## SECTION 5. EMPLOYMENT OF EXPERTS, CONSULTANTS AND INVESTIGATORS

The Firms in their discretion may employ experts or consultants to further the prosecution of the Client's claim, and other experts to examine and report to the Firms.  The Firms may also in their discretion employ investigators to investigate the facts surrounding the subject matter of the claim. Fees charged by such expert witnesses, consultants and investigators may be advanced by the Firms and Faraci and, at the Firm's discretion, charged against any recovery on the claim as advanced costs and expenses in lieu of reimbursement as provided for in Section 4.

## SECTION 6. ATTORNEY'S LIEN

Each of the Firms is hereby given a lien on any sum recovered by way of settlement of, and on any judgment award that may be recovered in the claim or lawsuit described in Section 1. The lien shall be for the sum and share mentioned above as reasonable attorneys' fees plus any outstanding costs, disbursements or expenses. Each of the Firms shall have all general, possessory, or retaining liens, and all special or charging liens known to the common law and statute.

## SECTION 7. RETENTION OF ATTORNEYS' FEES AND ADVANCED COSTS AND EXPENSES FROM SETTLEMENT PROCEEDS

HSPRD may receive the settlement or judgment amount and may retain therefrom the Firms' attorneys' fees pursuant to Section 3 before disbursing the remainder of the settlement or

3

judgment amount to the Client. HSPRD may also deduct therefrom the amount of outstanding costs, disbursements and expenses advanced as provided in Sections 4 and 5.

## SECTION 8. SUBSTITUTION OR DISCHARGE OF ATTORNEY

A Client always has the right to discharge an attorney at any time and for any or no reason. In the event that the Client discharges HSPRD or Ingber, or obtains a substitute attorney before any settlement of or judgment on the claim for which HSPRD and Ingber have been retained, the Firms shall be entitled to receive, from any settlement or judgment, the full amount of attorneys' fees as provided for in Section 3 as well as any costs and expenses advanced pursuant to Section 4 and 5.  In no event shall such attorneys' fees, costs, disbursements, and expenses exceed the value of any settlement or judgment obtained by Client or a class (certified by the court) to which the Client belongs. In lieu of the attorneys' fees as provided in Section 3, Client may pay HSPRD, Ingber, and Faraci at the time of discharge, their respective attorneys' fees calculated at each of the Firm's then standard hourly fee rates for civil rights and other complex litigation for all time spent on Client's claims.

## SECTION 9. WITHDRAWAL OF ATTORNEY

HSPRD and or Ingber may withdraw from the representation of Client at any time, on reasonable notice to Client, so long as the withdrawal is permitted under Rule 1.16 of the Illinois Rules of Professional Conduct. In the event of such withdrawal of representation, the withdrawing Firm shall be entitled to attorneys' fees determined by the applicable hourly rates for attorneys and paralegals for hours worked, as well as costs, disbursements and expenses. In no event shall such attorneys' fees, costs, disbursements, and expenses exceed the value of any settlement or judgment obtained by Client or a class (certified by the court) to which the Client belongs.

4

## SECTION 10. NONWAIVER OBLIGATIONS

Client agrees that Client will not, without written consent from the Firms, accept any settlement offer that would result in the Firms receiving a lower attorneys' fee than would be required by this agreement. Furthermore, Client will not, without such written consent, accept any settlement offer conditioned on Client waiving in whole or in part any statutory claim to be awarded attorneys' fees and/or costs. Client understands that without this agreement on their part, the Firms would not undertake the substantial risk of representing Client on a contingent or fee shifting basis.

## SECTION 11. POWER OF ATTORNEY TO EXECUTE DOCUMENTS

Client hereby gives each of the Firms Client's power of attorney to execute all documents in connection with the claim for the prosecution of which the Firms are retained, including pleadings, contracts, settlement agreements, compromises and releases, verifications, dismissal, orders, and all other documents that Client could properly execute.

## SECTION 12. SHARING INFORMATION

The Client understands and agrees that the Firms may hire, retain, or consult with other lawyers, experts, investigators, and others who may assist in the representation of the Client. The Client authorizes the Firms to consult with such persons and to divulge to such persons such privileged information as may assist the Attorneys in representing the Client. The Client also understands and agrees that the Firms may share and publicize otherwise publically available information and publically available documents about the representation of the Client for reasons unrelated to the representation of the Client. This information includes, but is not limited to, copies of the complaint, answer, any order or decision issued, the general progress and ultimate result of the case, or any news reports or articles about the representation.

5

## SECTION 13. CONTRACT DOCUMENT

This Agreement comprises the entire contract between the Firms and Client

## SECTION 15. EXECUTION OF DUPLICATE COPIES

The parties to this Agreement may execute it by signing duplicate copies, and the effect shall be the same as if all three signed the same original.

## SECTION 16. LAW TO GOVERN CONTRACT AND ARBITRATION

The laws of the State of Illinois shall govern the construction and interpretation of this Agreement. In the event of any dispute between Client and either or both Firms with respect to interpretation, application or enforcement of any provision of this Agreement, Client and the Firms shall first attempt in good faith to resolve the matter through negotiations among themselves, and then by mediation. If the matter is not resolved through negotiation or mediation, it shall be referred to binding arbitration before a single arbitrator, who shall be selected pursuant to the rules of the Judicial Arbitration and Mediation Services ("JAMS").

IN WITNESS WHEREOF, HSPRD, Ingber and Client have executed this Agreement in Illinois, on the day and year first above written.

By:

_____
Mark Dym, HUGHES SOCOL PIERS
RESNICK & DYM, LTD.

_____
Adam Ingber, Adam David Ingber, P.C.

_____
Nathaniel McFarland, Estate of Daniel Prude
Supervised Administrator

6

# EXHIBIT

# E

| | | |
|---|---|---|
| **23431    NATHANIEL MCFARLAND**<br>NATHANIEL MCFARLAND<br>321 NORTH SUMMIT<br>VILLA PARK, IL 60181 | Billing Date:<br>Fees Thru Date:<br>Costs Thru Date: | 09/16/2022<br>08/31/2022<br>09/16/2022 |

**206825    ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER**

| Date | Expenses | Cash Adv | Ref # | Event | Expense Code | Vendor | Units | Amount | Bill Amt |
|---|---|---|---|---|---|---|---|---|---|
| 09/07/20 | Electronic Filing Fee | A | 1152020 | 1904049 | | AVREFILE & SERVEXPRESS | 0 | 495.93 | _____ |
| 09/09/20 | Electronic Filing Fee | A | 1152020 | 1904050 | | AVREFILE & SERVEXPRESS | 0 | 3.08 | _____ |
| 09/14/20 | Travel expenses twice to Villa Park to execute petitions and probate documents | A | 215194 | 18W0207 | | AVREMARK DYM | 0 | 30.00 | _____ |
| 09/15/20 | Travel to Loop and then Villa Park to execute bond | A | 215194 | 18W0206 | | AVREMARK DYM | 0 | 20.00 | _____ |
| 09/16/20 | Travel to Loop to pick up certified orders | A | 215194 | 18W0204 | | AVREMARK DYM | 0 | 15.00 | _____ |
| 09/16/20 | Travel to Villa Park for additional documents | A | 215194 | 18W0205 | | AVREMARK DYM | 0 | 20.00 | _____ |
| 09/16/20 | Travel to Villa Park from Berwyn to notarize on 9/14/20 (twice) and on 9/16/20 | A | 215311 | 18X3511 | | AVREMARK WEINER | 0 | 48.30 | _____ |
| 09/17/20 | Travel expenses for additional signatures | A | 215194 | 18W0203 | | AVREMARK DYM | 0 | 20.00 | _____ |
| 09/23/20 | Fee for bond in the estate of Daniel Prude | A | 215221 | 18X0077 | | AVRERUSSELL L. MORRIS INSURANCE AG | 0 | 100.00 | _____ |
| 09/29/20 | Fee for services provided by FMS Law Group | A | 215220 | 18X0052 | | AVREFMS LAW GROUP, LLC | 0 | 4,995.50 | _____ |
| 09/30/20 | Westlaw on-line research fee September 2020 Billing | A | 215283 | 18W9955 | 810 | WEST PAYMENT CENTER | 0 | 47.91 | _____ |
| 09/30/20 | Westlaw on-line research fee September 2020 Billing | A | 215283 | 18W9956 | 810 | WEST PAYMENT CENTER | 0 | 171.28 | _____ |
| 09/30/20 | Westlaw on-line research fee September 2020 Billing | A | 215283 | 18W9984 | 810 | WEST PAYMENT CENTER | 0 | 71.26 | _____ |
| 10/16/20 | Birth Certificates needed for case: Cook County Clerk | A | 215311 | 18Y3238 | | AVREMARK WEINER | 0 | 19.00 | _____ |
| 10/31/20 | October 2020 Billing | A | | 18Z1084 | | AVREWEST PAYMENT CENTER | 0 | 114.37 | _____ |
| 11/01/20 | October 2020 Billing | A | | 1902630 | | AVREWEST PAYMENT CENTER | 0 | -114.37 | _____ |
| 11/01/20 | October 2020 Billing | A | 1214 | 1904153 | | AVREWEST PAYMENT CENTER | 0 | 114.37 | _____ |
| 11/24/20 | Travel expenses for signatures on authorizations and meeting | A | 215469 | 1904799 | | AVREMARK DYM | 0 | 25.00 | _____ |
| 11/30/20 | Westlaw on-line research fee November 2020 Billing | A | 11421 | 1909925 | 810 | WEST PAYMENT CENTER | 0 | 11.74 | _____ |
| 12/04/20 | Fee for services provided by FMS Law Group (10/5 - 12/3) | A | 215481 | 1914080 | | AVREFMS LAW GROUP, LLC | 0 | 7,386.42 | _____ |
| 12/16/20 | Certificate of Good Standing for Matthew Piers, Margaret Truesdale, Mark Dym and Adam Ingber @ $20 each. | A | 1152021 | 1941941 | | AVRECHASE CARDMEMBER SERVICES | 0 | 80.00 | _____ |
| 12/17/20 | Overnight delivery service charge: Overnight delivery service charge: Stephen G. Schwarz, Rochester, NY | A | 11421 | 1925651 | | OVERFEDERAL EXPRESS | 0 | 29.34 | _____ |
| 12/31/20 | Westlaw on-line research fee December 2020 Billing | A | 2142017 | 1930500 | 810 | WEST PAYMENT CENTER | 0 | 101.23 | _____ |
| 01/05/21 | Expert retainer fee re: Arden Forensics, PC | A | 1062021 | 1930576 | | AVREARDEN FORENSICS, PC | 0 | 1,000.00 | _____ |
| 01/21/21 | Digital copies of McKinney's Consolidated Laws of NY | A | 215691 | 1939251 | | AVRETHE NEW YORK STATE LIBRARY | 0 | 19.00 | _____ |
| 01/31/21 | Westlaw on-line research fee January 2021 Billing | A | | 1947649 | 810 | WEST PAYMENT CENTER | 0 | 167.59 | _____ |

Client:    23431 - NATHANIEL MCFARLAND
Matter:    206825 - ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER

**206825    ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER**

| Date | Expenses | Cash Adv | Ref # | Event | Expense Code | Vendor | Units | Amount | Bill Amt |
|------|----------|----------|-------|-------|--------------|--------|-------|--------|----------|
| 01/31/21 | Westlaw on-line research fee January 2021 Billing | A | | 1947846 | 810 | WEST PAYMENT CENTER | 0 | -167.59 | _____ |
| 01/31/21 | Westlaw on-line research fee January 2021 Billing | A | 314 | 1947879 | 810 | WEST PAYMENT CENTER | 0 | 167.59 | _____ |
| 02/01/21 | Medical expert fee re: Arden Forensics | A | 215735 | 1946696 | | AVREARDEN FORENSICS, PC | 0 | 925.00 | _____ |
| 02/11/21 | Admission to federal court in WDNY | A | 215782 | 1953210 | | AVRECLERK, U.S. DISTRICT COURT | 0 | 225.00 | _____ |
| 02/28/21 | Westlaw on-line research fee February 2021 Billing | A | | 1966872 | 810 | WEST PAYMENT CENTER | 0 | 203.85 | _____ |
| 02/28/21 | Travel expenses for preparation of Nate | A | 215908 | 1966906 | | AVREMARK DYM | 0 | 44.80 | _____ |
| 03/01/21 | Westlaw on-line research fee February 2021 Billing | A | | 1968880 | 810 | WEST PAYMENT CENTER | 0 | -203.85 | _____ |
| 03/01/21 | Westlaw on-line research fee February 2021 Billing | A | 314 | 1968914 | 810 | WEST PAYMENT CENTER | 0 | 203.85 | _____ |
| 03/02/21 | Consultation Services fee re: Arden Forensics | A | 215854 | 1968503 | | AVREARDEN FORENSICS, PC | 0 | 687.50 | _____ |
| 03/06/21 | Travel expenses for Press Conference; picking up and returning Nate to Chicago | A | 215908 | 1971805 | | AVREMARK DYM | 0 | 91.80 | _____ |
| 03/07/21 | Travel to office and client prep meeting | A | 215908 | 1971806 | | AVREMARK DYM | 0 | 61.80 | _____ |
| 03/08/21 | Parking for meeting on 3/8/21 | A | 216240 | 1996731 | | AVREMARK DYM | 0 | 46.00 | _____ |
| 03/17/21 | Travel expenses for dep prep with Nate and Adam on March 17, 2021 | A | 216016 | 1976911 | | AVREMARK DYM | 0 | 20.40 | _____ |
| 03/22/21 | Travel expenses to meet with client on 3/22/21 | A | 216016 | 1980477 | | AVREMARK DYM | 0 | 22.40 | _____ |
| 03/24/21 | Pick up and travel for depositions on 3/24/21 (80 miles); parking fee | A | 216016 | 1980479 | | AVREMARK DYM | 0 | 61.80 | _____ |
| 03/31/21 | Westlaw on-line research fee March 2021 Billing | A | | 1988305 | 810 | WEST PAYMENT CENTER | 0 | 186.35 | _____ |
| 03/31/21 | Westlaw on-line research fee March 2021 Billing | A | | 1988542 | 810 | WEST PAYMENT CENTER | 0 | -186.35 | _____ |
| 03/31/21 | Westlaw on-line research fee March 2021 Billing | A | | 1988577 | 810 | WEST PAYMENT CENTER | 0 | 186.35 | _____ |
| 04/12/21 | Attended CLE on positional asphyxia to assist in Prude matter | A | 216063 | 1995448 | | AVREELIZABETH MAZUR | 0 | 99.95 | _____ |
| 04/28/21 | For services rendered by the FMS Law Group | A | 216583 | 19G8421 | | AVREFMS LAW GROUP, LLC | 0 | 1,472.50 | _____ |
| 04/30/21 | Westlaw on-line research fee April 2021 Billing | A | | 19B0436 | 810 | WEST PAYMENT CENTER | 0 | 12.54 | _____ |
| 05/03/21 | Retainer fee for expert witness Scott DeFoe | A | 216144 | 19A8853 | | AVREON-SCENE CONSULTING GROUP, LLC | 0 | 4,000.00 | _____ |
| 05/17/21 | Fee for services provided by M.K. Communications | A | 216225 | 19B9098 | | AVREM.K.COMMUNICATIONS | 0 | 8,775.00 | _____ |
| 05/31/21 | May 2021 Billing | A | | 19C8715 | | AVREWEST PAYMENT CENTER | 0 | 20.28 | _____ |
| 05/31/21 | May 2021 Billing | A | | 19C9290 | | AVREWEST PAYMENT CENTER | 0 | -20.28 | _____ |
| 05/31/21 | May 2021 Billing | A | | 19C9332 | | AVREWEST PAYMENT CENTER | 0 | 23.93 | _____ |
| 05/31/21 | May 2021 Billing | A | | 19E9361 | | AVREWEST PAYMENT CENTER | 0 | 23.93 | _____ |
| 06/01/21 | May 2021 Billing | A | | 19E9316 | | AVREWEST PAYMENT CENTER | 0 | -23.93 | _____ |

Pre-Billing Report

Client:    23431 - NATHANIEL MCFARLAND
Matter:   206825 - ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER

**206825     ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER**

| Date | Expenses | Cash Adv | Ref # | Event | Expense Code | Vendor | Units | Amount | Bill Amt |
|---|---|---|---|---|---|---|---|---|---|
| 06/03/21 | Retainer fee for an expert re: Forensic Research and Analysis, Inc. | A | 216284 | 19D3548 | | AVREFORENSIC RESEARCH AND ANALYSIS | 0 | 6,500.00 | _____ |
| 06/30/21 | Westlaw on-line research fee June 2021 Billing - WestLaw | A | | 19E8471 | 810 | WEST PAYMENT CENTER | 0 | 10.55 | _____ |
| 09/02/21 | Consultation Services of Arden Forensics, McLean, VA | A | 216828 | 19J9307 | | AVREARDEN FORENSICS, PC | 0 | 1,787.50 | _____ |
| 10/05/21 | Westlaw on-line research fee September 2021 | A | | 19K9887 | 810 | WEST PAYMENT CENTER | 0 | 47.20 | _____ |
| 11/03/21 | Westlaw on-line research fee October 2021 | A | | 19N0985 | 810 | WEST PAYMENT CENTER | 0 | 108.66 | _____ |
| 11/22/21 | Expert witness fees re: Forensic Research & Analysis | A | 217201 | 19O9899 | | AVREFORENSIC RESEARCH AND ANALYSIS | 0 | 16,250.00 | _____ |
| 11/26/21 | Administrator Bond Fee | A | 217249 | 19Q3534 | | AVRERUSSELL L. MORRIS INSURANCE AG | 0 | 100.00 | _____ |
| 11/30/21 | Westlaw on-line research fee November 2021 | A | | 19P3233 | 810 | WEST PAYMENT CENTER | 0 | 75.72 | _____ |
| 12/13/21 | Fee for deposition of Michael Magri, taken on 12/1/21 | A | 217452 | 19Q3544 | | AVREVERITEXT | 0 | 2,141.00 | _____ |
| 12/13/21 | Fee for deposition of Andrew Specksgoor, taken on 11/29/21 | A | 217254 | 19Q3545 | | AVREVERITEXT | 0 | 1,218.00 | _____ |
| 12/16/21 | Fee for deposition of Francisco Santiago, taken on 12/6/21 | A | 217254 | 19Q3547 | | AVREVERITEXT | 0 | 1,875.00 | _____ |
| 12/16/21 | Expert witness fees re: On-Scene Consulting Group LLC | A | 217334 | 19Q7631 | | AVREON-SCENE CONSULTING GROUP, LLC | 0 | 1,531.25 | _____ |
| 12/17/21 | Fee for deposition of Josiah Harris, taken on 12/9/21 | A | 217452 | 19Q3546 | | AVREVERITEXT | 0 | 1,875.00 | _____ |
| 12/22/21 | Fee for video deposition of Troy Taladay, taken on 12/8/21 | A | 217452 | 19R0519 | | AVREVERITEXT | 0 | 2,266.00 | _____ |
| 12/22/21 | Deposition transcript of Andrew Specksgoor, taken on 11/29/21 | A | 217452 | 19R0520 | | AVREVERITEXT | 0 | 1,062.10 | _____ |
| 12/29/21 | Deposition Transcript of Mark Vaughn, taken on 12/17/21 | A | 217452 | 19T1878 | | AVREVERITEXT | 0 | 1,890.00 | _____ |
| 12/30/21 | Deposition Transcript of Michael Magri, taken on 12/1/21 | A | 217452 | 19T1876 | | AVREVERITEXT | 0 | 2,035.75 | _____ |
| 12/30/21 | Deposition Transcript of Francisco Santiago, taken on 12/6/21 | A | 217452 | 19T1877 | | AVREVERITEXT | 0 | 1,376.25 | _____ |
| 01/06/22 | Transcript of Troy Taladay deposition, taken on 12/8/21 | A | 217452 | 19R9362 | | AVREVERITEXT | 0 | 1,774.70 | _____ |
| 01/06/22 | Transcript of Josiah Harris deposition, taken on 12/9/21 | A | 217452 | 19R9363 | | AVREVERITEXT | 0 | 1,786.70 | _____ |
| 01/14/22 | Fees for deposition/transcript of Mark Vaughn, taken on 12/17/21 | A | 217452 | 19U2676 | | AVREVERITEXT | 0 | 2,377.45 | _____ |
| 02/10/22 | Video production for meditation | A | 217817 | 19Z7720 | | AVREHARDPIN MEDIA, LLC | 0 | 4,179.50 | _____ |
| 02/10/22 | Video production for meditation | A | 217817 | 19Z7721 | | AVREHARDPIN MEDIA, LLC | 0 | 4,179.50 | _____ |
| 03/01/22 | Video production for mediation | A | | 19V5121 | | AVREHARDPIN MEDIA, LLC | 0 | 4,179.50 | _____ |
| 03/01/22 | Video production for mediation | A | | 19Z6624 | | AVREHARDPIN MEDIA, LLC | 0 | -4,179.50 | _____ |

Client:    23431 - NATHANIEL MCFARLAND
Matter:   206825 - ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER

**206825     ESTATE OF DANIEL PRUDE V. CITY OF ROCHSTER**

| Date | Expenses | Cash Adv | Ref # | Event | Expense Code | Vendor | Units | Amount | Bill Amt |
|------|----------|----------|-------|-------|--------------|--------|-------|--------|----------|
| 03/31/22 | Westlaw on-line research fee March 2022 | A | | 19X6746 | 810 | WEST PAYMENT CENTER | 0 | 417.20 | _____ |
| 03/31/22 | Westlaw on-line research fee March 2022 | A | | 19X6747 | 810 | WEST PAYMENT CENTER | 0 | 47.95 | _____ |
| 04/30/22 | Westlaw on-line research fee April 2022 | A | | 19Z9467 | 810 | WEST PAYMENT CENTER | 0 | 371.10 | _____ |
| 05/19/22 | Travel expenses for meeting with N. Prude on 5-19-22 | A | 217947 | 1A13896 | | AVREMARK DYM | 0 | 36.27 | _____ |
| 05/24/22 | Travel expenses to meet Nate in Villa Park for continued mediation | A | 217968 | 1A15958 | | AVREMARK DYM | 0 | 37.27 | _____ |
| 06/02/22 | Westlaw on-line research fee May 2022 | A | | 1A19697 | 810 | WEST PAYMENT CENTER | 0 | 432.21 | _____ |
| 06/10/22 | Travel expenses to Villa Park for mediation | A | 218016 | 1A27371 | | AVREMARK DYM | 0 | 37.27 | _____ |
| 07/06/22 | Westlaw on-line research fee June 2022 Billing | A | | 1A39452 | 810 | WEST PAYMENT CENTER | 0 | 411.88 | _____ |
| 08/17/22 | For services rendered by the FMS Law Group | A | | 1A65539 | | AVREFMS LAW GROUP, LLC | 0 | 902.50 | _____ |
| 09/06/22 | Westlaw on-line research fee August 2022 Billing | A | | 1A77940 | 810 | WEST PAYMENT CENTER | 0 | 275.37 | _____ |
| 09/16/22 | Rochester Ethics Consultation fee re: Miner, Barhill & Galland, P.C. | A | | 1A85797 | | AVREMINER BARNHILL & GALLAND, P.C. | 0 | 9,442.50 | _____ |
| | | | | | | *Amount Billed - Expenses* | | 100,811.92 | |

```
┌─────Advance vs. Non-Cash Summary─────┐
│ Advanced expenses        100,811.92  │
│ Non-cash expenses              0.00  │
├──────────────────────────────────────┤
│ Total Costs              100,811.92  │
└──────────────────────────────────────┘
```

Date Last Billed
Amount Last Bill      0.00
Date Last Paid
Amount Last Paid

| | |
|---|---|
| **Entire Bill Totals** | **$100,811.92** |
| Credit / Pre-paid balance | $0.00 |
| *Credit / Pre-paid applied* | _____ |
| Trust balance | $0.00 |
| *Trust applied* | _____ |
| *Courtesy Discount on Fees* | _____ |

**AR Aging**

| Total AR | Current | 31-60 | 61-90 | Over 90 |
|----------|---------|-------|-------|---------|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Bill as is ( )      Bill as marked ( )      Bill fees only ( )      Bill costs only ( )      Hold until next month ( )

Disbursement Report:
Prude, Daniel (Estate)

| Trans Date | Check No | Narrative | Disbursement Amount |
|---|---|---|---|
| 10/26/2020 | 81481 | FedEx express shipping service to Elliot Shields, Tashyra Prude, Terrell Prude, Junera Prude, Sharell Prude, and Tameshay Prude | $399.29 |
| 12/22/2020 | 81638 | Legal Fees (TORRES LAW OFFICE, PC) | $8,080.35 |
| 01/11/2021 | 20210111003 | Medical Records from University of Rochester Strong Memorial Hospital | $951.75 |
| 02/25/2021 | 81816 | Miscellaneous Expense | $150.00 |
| 02/11/2021 | 20210211006 | Public Access to Court Electronic Records | $1.10 |
| 03/26/2021 | 81897 | Service of Legal Documents (ALL NEW YORK PROCESS SERVERS) | $385.00 |
| 03/26/2021 | 81996 | Transcript Cost | $112.55 |
| 05/18/2021 | 82028 | Medical Consultation | $1,750.00 |
| 05/03/2021 | 05042587 | Filing Fee for Request for Surrogates Court Action | $154.49 |
| 06/01/2021 | 82069 | Legal Fees (TORRES LAW OFFICE, PC) | $678.50 |

Disbursement Report:
Prude, Daniel (Estate)

| 07/09/2021 | 82161 | Legal Fees (Torres Law Office, P.C.) | $531.00 |
| 08/05/2021 | 82217 | Legal Fees (TORRES LAW OFFICE, PC) | $87.95 |
| 09/02/2021 | 82291 | Subpoena Witness Fee | $15.00 |
| 09/02/2021 | 82292 | Subpoena Witness Fee | $15.00 |
| 09/17/2021 | 20210917001 | Medical Records from American Medical Response | $27.25 |
| 09/23/2021 | 82338 | Copy Service | $27.25 |
| 10/07/2021 | 82361 | Subpoena Witness Fee (Office of the Monroe County Medical Examiner) | $15.00 |
| 10/12/2021 | 82378 | Service of Legal Documents | $400.00 |
| 10/21/2021 | 82402 | Service of Legal Documents | $95.00 |
| 11/15/2021 | 82467 | Videotaping Services | $700.00 |
| 12/01/2021 | 82487 | Deposition Services | $934.25 |

Disbursement Report:
Prude, Daniel (Estate)

| | | | |
|---|---|---|---|
| 11/29/2021 | 82513 | FedEx express shipping service to Elizabeth Mazur | $86.74 |
| 12/09/2021 | 20211209002 | Public Access to Court Electronic Records | $0.80 |
| 03/01/2022 | 82683 | Deposition services to Sync Transcipts with the video into an MBD file for trial | $398.88 |

**Disbursement Total:** **$15,997.15**

# EXHIBIT
# F

**IN THE CIRCUIT COURT OF COOK COUNTY,
ILLINOIS COUNTY DEPARTMENT — PROBATE DIVISION**

Estate of
                       )
                           )
DANIEL PRUDE,          )
                           )
           *Deceased.*      )

No. 2020 P 4823

Hon. R. A. Delgado

## AGREED ORDER GRANTING SETTLEMENT AUTHORITY

    This matter coming before the Court by agreement of the Administrator and all heirs, with the Court being informed as follows:

1. Decedent Daniel Prude lost consciousness while in the custody of City of Rochester police officers on March 23, 2022, never regained consciousness, and died in New York on March 30, 2020.

2. Decedent died intestate and domiciled in Cook County, Illinois.

3. On November 12, 2020, this Court appointed Nathaniel McFarland Supervised Administrator of Daniel Prude's Estate.

4. On December 3, 2022, the Monroe County Surrogate's Court in New York appointed Mr. McFarland Ancillary Administrator of the Estate of Daniel Prude and revoked the letters of appointment previously issued to Tameshay Prude, the decedent's sister.

5. On January 5, 2021, the U.S. District Court for the Western District of New York substituted Mr. McFarland for Tameshay Prude as Plaintiff in *Prude v. City of Rochester et al.*, 6:20-cv-006675-FPG (the "Wrongful Death Action"). The claims raised in the Wrongful Death Action are the only asset in the Estate of Daniel Prude.

6. Thereafter and in order to facilitate settlement, the Judge overseeing the Wrongful Death Action in the U.S. District Court for the Western District of New York, the Hon. Frank Geraci, arranged for two other federal judges to serve as mediators to facilitate settlement negotiations. Over the past several months, the parties to the Wrongful Death Action have engaged in substantial arm's length, mediated negotiations.

7. Pursuant to Local Rule 41 of the United States District Court for the Western District of New York, any settlement of a claim by a decedent's estate requires court approval, including approval of attorneys' fees and costs.

1

8.  The Administrator, with consent of all heirs, seeks authorization from this Court to enter into a settlement of the Wrongful Death Action subject to the approval of said settlement by the United States District Court for the Western District of New York, including as to attorneys' fees and costs, and with the net proceeds to be distributed pursuant to order of this Probate Court of the Circuit Court of Cook County, Illinois

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.  Supervised Administrator Nathaniel McFarland is authorized to settle the Wrongful Death Action (with such settlement including *inter alia* attorneys' fees and disbursements) without further approval of this Court, subject to obtaining approval of the settlement by the U.S. District Court for the Western District of New York.

2.  In the event that the U.S. District Court for the Western District of New York approves a settlement of the Wrongful Death Action, Supervised Administrator Nathaniel McFarland is directed to apply to this Court for an order of distribution of the net proceeds of any such settlement.



Hon. Kent A. Delgado

Firm ID: 56304
James G. Riley
FMS Law Group LLC
200 West Monroe St., Ste. 750
Chicago, Illinois 60606
(312) 332-6381
james.riley@fmslawgroup.com
*One of the Attorneys for Nathaniel McFarland*

ENTERED

SEP 02 2022

IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT, IL

2

# EXHIBIT

# G

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

NATHANIEL MCFARLAND, in his capacity as
supervised and ancillary administrator of the ESTATE
OF DANIEL PRUDE,

          Plaintiff,

          v.

THE CITY OF ROCHESTER, MARK VAUGHN,
TROY TALADAY, FRANCISCO SANTIAGO,
MICHAEL MAGRI, ANDREW SPECKSGOOR,
JOSIAH HARRIS, and other as-yet-unidentified
Rochester police officers,

          Defendants.

**No. 6:20-cv-006675-FPG**

---

### [PROPOSED] ORDER APPROVING SETTLEMENT

Upon the Plaintiff's application for settlement approval pursuant to Local Rule 41 and submission of affidavits in support thereof, the Court states as follows:

1.      In light of the complexity of this matter and its significance to the community, and with agreement of the parties, in early 2022, this Court appointed two federal judges to serve as mediators in this action, Hon. LaShann DeArcy Hall of the United States District Court for the Eastern District of New York, and Hon. Magistrate Judge Jonathan Feldman of the United States District Court for the Western District of New York.

2.      After extensive arm's length, mediated negotiations, lasting over several months, the parties report that they have reached a settlement in principle.

All parties appearing before the Court, and the Court finding, and the parties agreeing, that a hearing is not necessary, IT IS HEREBY ORDERED:

1.      The Court hereby approves, pursuant to Local Rule 41, the terms of the proposed

settlement of the above-referenced action involving claims by the Estate of decedent Daniel

Prude, including the attorneys' fees and disbursements to be paid out of the settlement, finding

the terms thereof to be fair and reasonable and in the best interest of the Estate and distributees.

These terms include the following:

a.   The above-referenced action (the "Lawsuit") is settled for a payment by Defendant City of Rochester to the Plaintiff in the total amount of twelve million dollars ($12,000,000) (the "Settlement Amount").

b.   The Lawsuit will be dismissed with prejudice, waiver of any right to appeal, and a general release of the Defendants (and their agents, successors and employees) by the Plaintiff Administrator.

c.   There will be no admission of liability.

d.   Fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for conscious pain and suffering ("Survival Claims"), and the remaining fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for pecuniary injuries to five children, the heirs, resulting from the decedent's death ("Wrongful Death Claims"). No portion of the Settlement Amount is to be paid for punitive damages.

e.   Thirty-three percent of the total Settlement Amount (33 percent of the Survival Claims damages ($1,980,000) and 33 percent of the Wrongful Death Claims damages ($1,980,000)) will be paid as attorneys' fees to Plaintiff's Counsel, for a total of three million nine-hundred and sixty thousand dollars ($3,960,000) in attorneys' fees.

f.   One-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents (($116,808.92) of the Settlement Amount ($58,404.46 of the Survival Claims damages and $58,404.46 of the Wrongful Death Claims damages) are to be paid to Plaintiff's Counsel for disbursements, to reimburse Plaintiff's Counsel for costs incurred in advancing the claims in the above-referenced action.

g.   The Settlement Amount net of attorneys' fees and disbursements shall be paid into two separate "Qualified Settlement Funds" ("QFS")—one for the Survival Claims damages net of fees and disbursements and one for the Wrongful Death Claims damages net of fees and disbursements—within the meaning of United States Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 that shall be established pursuant this Order and will be subject to the continuing jurisdiction of this Court until payments are directed from these two funds by the Cook County Probate Court.  Defendant is a "transferor" within the meaning of United States Treasury Regulation § 1.468B-1(d)(1) to the Settlement

Funds.  Eastern Point Trust Company, shall be the "administrator" of the Settlement Funds within the meaning of United States Treasury Regulation § 1.468B-2(k)(3) and, as the administrator, shall: (a) timely make or join in any and all filings or elections necessary to make the Settlement Funds qualified settlement funds at the earliest possible date (including, if requested by Defendant, a relation-back election within the meaning of United States Treasury Regulation § 1.468B-1(j)); (b) timely file all necessary or advisable tax returns, reports, or other documentation required to be filed by or with respect to the Settlement Funds; (c) timely pay any taxes (including any estimated taxes, and any interest or penalties) required to be paid by or with respect to the Settlement Funds; and (d) comply with any applicable information reporting or tax withholding requirements imposed by applicable law, in accordance with United States Treasury Regulation § 1.468B-2(l).  Any such taxes, as well as all other costs incurred by the administrator in performing the obligations created by this subsection, shall be paid out of the Qualified Settlement Funds.  Defendant shall have no responsibility or liability for paying such taxes and no responsibility to file tax returns with respect to the Qualified Settlement Funds or to comply with information-reporting or tax-withholding requirements with respect thereto.  Defendant shall provide the administrator with the combined statement described in United States Treasury Regulation § 1.468B-3(e)(2)(ii).

h. Following payment in full of the Settlement Amount, Plaintiff Administrator agrees to hold harmless and indemnify Defendants against any claims for attorneys' fees related to the above-referenced action.

i. The parties shall seek to facilitate the prompt transfer of funds by wire transfer.

2.     The Plaintiff is directed to apply to the Circuit Court of Cook County, Illinois County Department, Probate Division for an order of distribution of the net proceeds of the settlement, pursuant to 755 ILCS 5/2-1.

3.     This action is hereby dismissed with prejudice and without costs, including all claims brought and that could have been brought. The Court will retain jurisdiction, but the above-referenced action no longer remains pending.

SO ORDERED this _____ day of October, 2022

_____
Hon. Frank P. Geraci