UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATHANIEL MCFARLAND, in his capacity as supervised and ancillary administrator of the ESTATE OF DANIEL PRUDE,

    Plaintiff,

v.

THE CITY OF ROCHESTER, MARK VAUGHN, TROY TALADAY, FRANCISCO SANTIAGO, MICHAEL MAGRI, ANDREW SPECKSGOOR, JOSIAH HARRIS, and other as-yet-unidentified Rochester police officers,

    Defendants.

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION TO APPROVE SETTLEMENT**

No. 6:20-cv-006675-FPG

---

STATE OF ILLINOIS    )
                            ss:)
COUNTY OF DUPAGE  )

      **NATHANIEL MCFARLAND**, as supervised and ancillary administrator of the Estate of Daniel Prude, deceased, being duly sworn, deposes and states:

      1.    I am the surviving son of Daniel Prude, decedent, and reside in Villa Park, Illinois. I make this affidavit in support of plaintiff's motion for an order approving the settlement of this matter, including damages, attorneys' fees and disbursements, and submit it in conjunction with the affidavit of one of my attorneys, Matthew J. Piers, Esq.

      2.    On March 30, 2020, Daniel Prude died after having been taken into custody by Defendant Rochester Police Officers on March 23, 2020. He died leaving no known will (he was intestate) and resided (was domiciled) in Cook County, Illinois. Ex. A, the Death Certificate of Daniel Prude.

1

3. Daniel Prude was 41 years of age at the time of his death. He left the following children, who are the sole distributees: Nathaniel McFarland (son), Junera Prude (daughter), Tashyra Prude (daughter), Terrell Prude (son), and Sharell Prude (daughter).

4. On November 12, 2020, the Cook County Probate Court in Illinois appointed me Supervised Administrator of Daniel Prude's Estate. Ex. B. On December 3, 2020, the Monroe County Surrogate's Court appointed me Ancillary Administrator of the Estate of Daniel Prude and revoked the Letters of Administration with Limitations previously issued to Tameshay Prude, Daniel Prude's sister. Ex. C. On January 5, 2021, this Court substituted me for Tameshay Prude as Plaintiff in the above-referenced matter. ECF No. 19.

5. I am and have been represented in this action by the law firms of Hughes Socol Piers Resnick & Dym, Ltd.; Adam David Ingber, P.C.; and Faraci Lange, LLP ("Plaintiff's Counsel").

6. As set forth in the affidavit of one of my attorneys, Matthew J. Piers, this is an action for the wrongful death of my father, seeking monetary damages for his pain, suffering, and terror prior to his death, and for the loss of his support and guidance to his children (the "Lawsuit"). As alleged, in the early morning hours of March 23, 2020, Daniel Prude was suffering from an acute mental health crisis. His brother, Joe Prude, called 911 out of concern for Daniel Prude's safety after he abruptly ran out of his brother's house without shoes and without a coat in freezing cold temperatures. The defendant Rochester Police Officers who located Daniel Prude were responding to that 911 call. When the officers located Daniel Prude, he was completely naked in the middle of the street and clearly both disoriented and unarmed. The officers ordered him to lay down on the freezing cold pavement, cuffed him behind his back, slipped a spit hood over his head from behind, while he remained naked on the freezing pavement. Then three of the defendant

Rochester Police Officers forced Daniel Prude to the ground and pinned his head and chest forcefully down onto the street for several minutes, thereby suffocating him as he struggled to breath. Daniel Prude lost and never regained consciousness. He was pronounced dead seven days later, on March 30, 2020.

7. This Lawsuit asserts claims under 42 U.S.C. § 1983 for excessive force, failure to intervene, and deliberate indifference to Daniel Prude's serious medical needs; claims under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act; and state law claims for intentional infliction of emotional distress/outrageous conduct causing emotional distress, common law battery, common law negligence, gross negligence, and wrongful death.

8. The Lawsuit seeks damages for loss of life, conscious pain and suffering, wrongful death, and punitive damages. The Lawsuit also seeks recovery of Plaintiff's attorneys' fees and costs.

9. Defendants deny all liability.

10. I have carefully reviewed the affidavit of my attorney, Matthew J. Piers, and I confirm the accuracy of the terms of the retainer agreement as set forth in the affidavit. Under the terms of that retainer agreement, Plaintiff's Counsel are entitled to attorneys' fees in the amount of 33% of the recovery, and in addition, are entitled to be reimbursed for disbursements incurred in advancing the claims in the above-referenced action.

11. The Parties have reached a settlement in principle, and the terms are as follows:

- The Lawsuit is settled for a payment by Defendant City of Rochester to the Plaintiff in the total amount of twelve million dollars ($12,000,000) (the "Settlement Amount").

- The Lawsuit will be dismissed with prejudice, waiver of any right to appeal, and a general release of the Defendants (and their agents, successors and employees) by the Plaintiff Administrator.

- There will be no admission of liability.

- Fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for conscious pain and suffering ("Survival Claims"), and the remaining fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for pecuniary injuries to five children, the heirs, resulting from the decedent's death ("Wrongful Death Claims"). No portion of the Settlement Amount is to be paid for punitive damages.

- Thirty-three percent of the total Settlement Amount (33 percent of the Survival Claims damages ($1,980,000) and 33 percent of the Wrongful Death Claims damages ($1,980,000)) will be paid as attorneys' fees to Plaintiff's Counsel, for a total of three million nine-hundred and sixty thousand dollars ($3,960,000) in attorneys' fees.

- One-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents (($116,808.92) of the Settlement Amount ($58,404.46 of the Survival Claims damages and $58,404.46 of the Wrongful Death Claims damages) are to be paid to Plaintiff's Counsel for disbursements, to reimburse Plaintiff's Counsel for costs incurred in advancing the claims in the above-referenced action.

12. My attorneys have reviewed with me the terms of the settlement agreement, and I believe that the settlement terms are fair and reasonable and in the best interest of the Estate and distributees.

13. The Cook County Probate Court in Illinois authorized me, as Supervised Administrator of the Estate of Daniel Prude, to enter into a settlement, including attorneys' fees and disbursements, without further approval of the Probate Court, subject to this Court's approval of the settlement. A copy of that Order is attached as Exhibit D.

**WHEREFORE**, your affiant prays the Court to enter the Proposed Order Approving Settlement attached hereto as Exhibit E.

Dated: October 5, 2022

_____
NATHANIEL MCFARLAND

Sworn to before me this 5
day of October 2022

_____
Notary Public

KATRINA SERVATIUS
Official Seal
Notary Public - State of Illinois
My Commission Expires Sep 11, 2023

# EXHIBIT A

# NEW YORK STATE DEPARTMENT OF HEALTH
## CERTIFICATE OF DEATH

**DOH-1961 (8/2011)**

**RECORDED DISTRICT:** 2700
**REGISTER NUMBER:** 2598
**STATE FILE NUMBER:** 131-2020-00036340

**1. NAME:** Daniel T. Prude
**2. SEX:** Male
**3A. DATE OF DEATH:** 03 / 30 / 2020
**3B. HOUR:** 08:22 PM

**4A. PLACE OF DEATH:** Hospital Inpatient
**4B. IF FACILITY, DATE ADMITTED:** 03 / 23 / 2020
**4C. NAME OF FACILITY:** Strong Memorial Hospital
**4D. LOCALITY:** City — Rochester
**4E. COUNTY OF DEATH:** Monroe

**4F. MEDICAL RECORD NO.:** 
**4G. WAS DECEDENT TRANSFERRED FROM ANOTHER INSTITUTION?:** No

**5. DATE OF BIRTH:** 09 / 20 / 1978
**6A. AGE IN YEARS:** 41
**7A. CITY AND STATE OF BIRTH:** Chicago, Illinois

**8. SERVED IN U.S. ARMED FORCES?:** No
**9. DECEDENT OF HISPANIC ORIGIN?:** No, not Spanish/Hispanic/Latino
**10. DECEDENT'S RACE:** Black or African American

**11. DECEDENT'S EDUCATION:** High school graduate or GED

**12. SOCIAL SECURITY NUMBER:** 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
**13. MARITAL STATUS:** Never Married

**15A. USUAL OCCUPATION:** Unknown
**15B. KIND OF BUSINESS OR INDUSTRY:** Unknown

**16A. RESIDENCE STATE:** IL
**16B. County:** Cook
**16C. LOCALITY:** Chicago
**16D. STREET AND NUMBER OF RESIDENCE:** 8102 Loomis Boulevard #1
**16E. ZIP CODE:** 60620

**17. BIRTH NAME OF FATHER/PARENT:** Joe L. Cole
**18. BIRTH NAME OF MOTHER/PARENT:** Dorothy T. Prude

**19A. NAME OF INFORMANT:** Tameshay Prude
**19B. MAILING ADDRESS:** 8102 Loomis Boulevard #1, Chicago, IL 60620

**20A.** Cremation  **Month/Day/Year:** 04 / 20 / 2020
**20B. PLACE OF BURIAL, CREMATION, REMOVAL OR OTHER DISPOSITION:** Rochester Crematory
**20C. LOCATION:** Perinton Town, New York

**21A. NAME AND ADDRESS OF FUNERAL HOME:** Paul L Murphy & Sons Funeral Home, 127 E Miller St, Newark, NY 14513
**21B. REGISTRATION NUMBER:** 01334

**22A. NAME OF FUNERAL DIRECTOR:** Paul L Murphy
**22B. SIGNATURE OF FUNERAL DIRECTOR:** Paul L Murphy Electronically Signed
**22C. REGISTRATION NUMBER:** 12583

### ITEMS 25 THRU 33 COMPLETED BY CERTIFYING PHYSICIAN — OR — CORONER/CORONER'S PHYSICIAN OR MEDICAL EXAMINER

**25A. CERTIFICATION:** Certifier's Name: Nadia Granger, ME
**License No.:** 250644
**Signature:** Nadia Granger, ME — Electronically Signed
**Date:** 03 / 31 / 2020

**Certifier's Title:** Medical Examiner / Deputy Medical Examiner
**Address:** 740 E Henrietta Road, Rochester, NY 14623

**26C. Pronounced Dead:** 03 / 30 / 2020 at 08:22 PM

**27. MANNER OF DEATH:** Homicide
**28. WAS CASE REFERRED TO CORONER OR MEDICAL EXAMINER?:** Yes
**29A. AUTOPSY?:** Yes
**29B. IF YES, WERE FINDINGS USED TO DETERMINE CAUSE OF DEATH?:** Yes

### 30. DEATH WAS CAUSED BY:

**PART I. IMMEDIATE CAUSE:**
(A) Complications of asphyxia in the setting of physical restraint — Days
DUE TO OR AS A CONSEQUENCE OF:
(B) Excited delirium — Minutes to hours
DUE TO OR AS A CONSEQUENCE OF:
(C) Acute phencyclidine intoxication — Minutes to hours

**PART II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN PART I (A):** <<<>>>

**DID TOBACCO USE CONTRIBUTE TO DEATH?:** Unknown

**31A. IF INJURY, DATE:** 03 / 23 / 2020
**HOUR:** Unknown
**31B. INJURY LOCALITY:** Rochester, Monroe, NY
**31C. DESCRIBE HOW INJURY OCCURRED:** Physical restraint and recent drug use
**31D. PLACE OF INJURY:** Roadway/Highway
**31E. INJURY AT WORK?:** No

**Exhibit Gran 0016**
10/25/2021
Nadia Granger

MCOME-20-00902_000115

# EXHIBIT B

2

Date of Death: 3-20-20

| IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION |
|---|
| Case No. __2020-P-4823__   Calendar __08__ |
| Estate of __DANIEL PRUDE__ |
| Deceased |

## ORDER APPOINTING REPRESENTATIVE OF DECEDENT'S ESTATE - INTESTATE

On the **PETITION** of ____Nathaniel McFarland____
[printed name of the Petitioner]

for issuance of Letters of Administration, the Court having been advised that the proposed representative is qualified to act as administrator under §9-1 of the Probate Act of 1975 [755 ILCS 5/9-1];

**IT IS ORDERED THAT:**

A. Letters of Administration issue to ____NATHANIEL McFARLAND____ as
[printed name of the proposed representative]

- ☒ Supervised Administrator         4232
- ☐ Supervised Administrator to Collect    4249
- ☐ Supervised Administrator de bonis non  4237
- ☐ Supervised Co-Administrators      4227
- ☐ Independent Administrator         4230
- ☐ Independent Administrator to Collect   4248
- ☐ Independent Administrator de bonis non 4236
- ☐ Independent Co-Administrators     4231

B. The representative present to the Court:

☒ 1. an **INVENTORY** as required by §14-1 of the Probate Act of 1975 [755 ILCS 5/14-1] by, or shall appear before the Court on, ____12-21____, at __10 A__ M;   ☐ 4192
[not more than 60 days after the date of this Order]

☒ 2. an **ACCOUNT** as required by §24-1 of the Probate Act of 1975 [755 ILCS 5/24-1] by, or shall appear before the Court on, ____01/12/2022____, at __10:00 A.__ M.;   ☐ 4297
[not more than 14 months after the date of this Order]

☐ 3. a **FINAL REPORT** as required by §28-11 of the Probate Act of 1975 [755 ILCS 5/28-11] by, or shall appear before the Court to present a written status report on, _____, at ____ M   ☐ 4297
[not more than 14 months after the date of this Order]

C. If the representative is a nonresident, no assets shall leave the State of Illinois without court order, and the representative's attorney shall act as the representative's resident agent and accept service of process, notice or demand required or permitted by law.   ☐ 4262

D. Letters of Office as Administrator to Collect shall be Terminated after Letters of Supervised Administration are Issued.

Attorney Number __56304__
Name __James G. Riley__
Firm Name __FMS Law Group LLC__
Attorneys for __Nathaniel McFarland__
Address __200 W. Monroe St., Ste. 750__
City/State/Zip __Chicago, Illinois 60606__
Telephone __(312) 332-6381__
Email __Jamesriley@fmslawgroup.com__

**ENTERED:**

_____, 20__
[Judge]   [Judge's number]

NOV 12 2020

CCP 0314 (Rev. 10/1/2018)   Dorothy Brown, Clerk of the Circuit Court of Cook County   Page 1 of 1

I hereby certify that the document to which this certification is affixed is a true copy.

Date NOV 12 2020

Dorothy Brown
Clerk of the Circuit Court
of Cook County, IL

LETTERS OF OFFICE - DECEDENT'S ESTATE     (Rev. 12/23/03) CCP 0415

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, PROBATE DIVISION

Estate of

**DANIEL PRUDE**

Deceased

No. **2020 P 004823**

Docket

Page

## LETTERS OF OFFICE - DECEDENT'S ESTATE

**NATHANIEL McFARLAND** has been appointed **Supervised** **Administrator** of the estate of **DANIEL PRUDE**, deceased,

who died **Friday, March 20, 2020**, and is authorized to to take possession of and collect the estate of the decedent and to do all acts required by law.

LS

WITNESS, **November 12, 2020**

**Dorothy Brown**
**Clerk of the Circuit Court**

## CERTIFICATE

I certify that this is a copy of the letters of office now in force in this estate.

TG

WITNESS, **November 12, 2020**

*[signature]* Dorothy Brown
Clerk of Court

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT C

At a Surrogate's Court of the State of New York held in and for the County of Monroe, at Rochester, New York

Present: Hon. John M. Owens, Surrogate

------------------------------------------------------------------X

Ancillary Administration Proceeding,
Estate of

    DANIEL PRUDE,

A domiciliary of the State of Illinois,

                                     Deceased.

------------------------------------------------------------------X

**ORDER REVOKING LETTERS OF ADMINISTRATION AND GRANTING ANCILLARY LETTERS OF ADMINISTRATION WITH LIMITATIONS**

File No. 2020-1616

      A verified Petition having been filed by Nathaniel McFarland praying that Tameshay Prude be removed as Administrator pursuant to SCPA §711, and for Ancillary Letters of Administration of the Estate of Daniel Prude, deceased, for which Letters of Administration have been issued by the State of Illinois, said state being the domicile of decedent at his date of death and said Petition having set forth facts upon which the jurisdiction has been obtained over all persons entitled to process in this proceeding, and that said decedent at death was possessed of property in this state; now it is

      ORDERED AND DECREED that the Letters of Administration with Limitations previously issued to Tameshay Prude by this Court on August 24, 2020 be revoked; and it is further

      ORDERED AND DECREED that Ancillary Letters of Administration issue to Nathaniel McFarland upon proper qualification and the filing of a bond be and hereby is dispensed with; and it is further

      ORDERED AND DECREED that the authority of such administrator be restricted in accordance with, and that the letters herein issued contain, the limitation as follows:

      Limitations/Restrictions: Pursuant to EPTL 5-4.6, the personal representative of the estate shall petition the Surrogate's Court for allocation and distribution of any recovery in wrongful death. The attorney of record and the personal representative for the estate shall finally settle the estate within 60 days of the date of the Surrogate's decree compromising the wrongful death action; and it is further

      ORDERED AND DECREED that the Temporary Ancillary Letters of Administration previously issued to Nathaniel McFarland be revoked.

Dated: December 15, 2020

John M. Owens
Surrogate

# EXHIBIT D

IN THE CIRCUIT COURT OF COOK COUNTY,
ILLINOIS COUNTY DEPARTMENT – PROBATE DIVISION

Estate of                                              )
                                                       )
                                                       )  No. 2020 P 4823
DANIEL PRUDE,                                          )
                                                       )  Hon. _____ A. Delgado
           Deceased.                                   )
                                                       )

## AGREED ORDER GRANTING SETTLEMENT AUTHORITY

This matter coming before the Court by agreement of the Administrator and all heirs, with the Court being informed as follows:

1. Decedent Daniel Prude lost consciousness while in the custody of City of Rochester police officers on March 23, 2022, never regained consciousness, and died in New York on March 30, 2020.

2. Decedent died intestate and domiciled in Cook County, Illinois.

3. On November 12, 2020, this Court appointed Nathaniel McFarland Supervised Administrator of Daniel Prude's Estate.

4. On December 3, 2022, the Monroe County Surrogate's Court in New York appointed Mr. McFarland Ancillary Administrator of the Estate of Daniel Prude and revoked the letters of appointment previously issued to Tameshay Prude, the decedent's sister.

5. On January 5, 2021, the U.S. District Court for the Western District of New York substituted Mr. McFarland for Tameshay Prude as Plaintiff in *Prude v. City of Rochester et al.*, 6:20-cv-006675-FPG (the "Wrongful Death Action"). The claims raised in the Wrongful Death Action are the only asset in the Estate of Daniel Prude.

6. Thereafter and in order to facilitate settlement, the judge overseeing the Wrongful Death Action in the U.S. District Court for the Western District of New York, the Hon. Frank Geraci, arranged for two other federal judges to serve as mediators to facilitate settlement negotiations. Over the past several months, the parties to the Wrongful Death Action have engaged in substantial arm's length, mediated negotiations.

7. Pursuant to Local Rule 41 of the United States District Court for the Western District of New York, any settlement of a claim by a decedent's estate requires court approval, including approval of attorneys' fees and costs.

8. The Administrator, with consent of all heirs, seeks authorization from this Court to enter into a settlement of the Wrongful Death Action subject to the approval of said settlement by the United States District Court for the Western District of New York, including as to attorneys' fees and costs, and with the net proceeds to be distributed pursuant to order of this Probate Court of the Circuit Court of Cook County, Illinois.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Supervised Administrator Nathaniel McFarland is authorized to settle the Wrongful Death Action (with such settlement including *inter alia* attorneys' fees and disbursements) without further approval of this Court, subject to obtaining approval of the settlement by the U.S. District Court for the Western District of New York.

2. In the event that the U.S. District Court for the Western District of New York approves a settlement of the Wrongful Death Action, Supervised Administrator Nathaniel McFarland is directed to apply to this Court for an order of distribution of the net proceeds of any such settlement.

_____
Hon. Kent A. Delgado

Firm ID: 56304
James G. Riley
FMS Law Group LLC
200 West Monroe St., Ste. 750
Chicago, Illinois 60606
(312) 332-6381
james.riley@fmslawgroup.com
*One of the Attorneys for Nathaniel McFarland*



ENTERED
Judge Kent A. Delgado-2185
SEP 02 2022
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

2

# EXHIBIT E

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATHANIEL MCFARLAND, in his capacity as
supervised and ancillary administrator of the ESTATE
OF DANIEL PRUDE,

        Plaintiff,

        v.

THE CITY OF ROCHESTER, MARK VAUGHN,
TROY TALADAY, FRANCISCO SANTIAGO,
MICHAEL MAGRI, ANDREW SPECKSGOOR,
JOSIAH HARRIS, and other as-yet-unidentified
Rochester police officers,

        Defendants.

No. 6:20-cv-006675-FPG

---

**[PROPOSED] ORDER APPROVING SETTLEMENT**

Upon the Plaintiff's application for settlement approval pursuant to Local Rule 41 and submission of affidavits in support thereof, the Court states as follows:

1. In light of the complexity of this matter and its significance to the community, and with agreement of the parties, in early 2022, this Court appointed two federal judges to serve as mediators in this action, Hon. LaShann DeArcy Hall of the United States District Court for the Eastern District of New York, and Hon. Magistrate Judge Jonathan Feldman of the United States District Court for the Western District of New York.

2. After extensive arm's length, mediated negotiations, lasting over several months, the parties report that they have reached a settlement in principle.

All parties appearing before the Court, and the Court finding, and the parties agreeing, that a hearing is not necessary, IT IS HEREBY ORDERED:

1. The Court hereby approves, pursuant to Local Rule 41, the terms of the proposed settlement of the above-referenced action involving claims by the Estate of decedent Daniel Prude, including the attorneys' fees and disbursements to be paid out of the settlement, finding the terms thereof to be fair and reasonable and in the best interest of the Estate and distributees. These terms include the following:

   a. The above-referenced action (the "Lawsuit") is settled for a payment by Defendant City of Rochester to the Plaintiff in the total amount of twelve million dollars ($12,000,000) (the "Settlement Amount").

   b. The Lawsuit will be dismissed with prejudice, waiver of any right to appeal, and a general release of the Defendants (and their agents, successors and employees) by the Plaintiff Administrator.

   c. There will be no admission of liability.

   d. Fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for conscious pain and suffering ("Survival Claims"), and the remaining fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for pecuniary injuries to five children, the heirs, resulting from the decedent's death ("Wrongful Death Claims"). No portion of the Settlement Amount is to be paid for punitive damages.

   e. Thirty-three percent of the total Settlement Amount (33 percent of the Survival Claims damages ($1,980,000) and 33 percent of the Wrongful Death Claims damages ($1,980,000)) will be paid as attorneys' fees to Plaintiff's Counsel, for a total of three million nine-hundred and sixty thousand dollars ($3,960,000) in attorneys' fees.

   f. One-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents (($116,808.92) of the Settlement Amount ($58,404.46 of the Survival Claims damages and $58,404.46 of the Wrongful Death Claims damages) are to be paid to Plaintiff's Counsel for disbursements, to reimburse Plaintiff's Counsel for costs incurred in advancing the claims in the above-referenced action.

   g. The Settlement Amount net of attorneys' fees and disbursements shall be paid into two separate "Qualified Settlement Funds" ("QFS")—one for the Survival Claims damages net of fees and disbursements and one for the Wrongful Death Claims damages net of fees and disbursements—within the meaning of United States Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 that shall be established pursuant this Order and will be subject to the continuing jurisdiction of this Court until payments are directed from these two funds by the Cook County Probate Court. Defendant is a "transferor" within the meaning of United States Treasury Regulation § 1.468B-1(d)(1) to the Settlement

Funds. Eastern Point Trust Company, shall be the "administrator" of the Settlement Funds within the meaning of United States Treasury Regulation § 1.468B-2(k)(3) and, as the administrator, shall: (a) timely make or join in any and all filings or elections necessary to make the Settlement Funds qualified settlement funds at the earliest possible date (including, if requested by Defendant, a relation-back election within the meaning of United States Treasury Regulation § 1.468B-1(j)); (b) timely file all necessary or advisable tax returns, reports, or other documentation required to be filed by or with respect to the Settlement Funds; (c) timely pay any taxes (including any estimated taxes, and any interest or penalties) required to be paid by or with respect to the Settlement Funds; and (d) comply with any applicable information reporting or tax withholding requirements imposed by applicable law, in accordance with United States Treasury Regulation § 1.468B-2(l).  Any such taxes, as well as all other costs incurred by the administrator in performing the obligations created by this subsection, shall be paid out of the Qualified Settlement Funds.  Defendant shall have no responsibility or liability for paying such taxes and no responsibility to file tax returns with respect to the Qualified Settlement Funds or to comply with information-reporting or tax-withholding requirements with respect thereto.  Defendant shall provide the administrator with the combined statement described in United States Treasury Regulation § 1.468B-3(e)(2)(ii).

h.  Following payment in full of the Settlement Amount, Plaintiff Administrator agrees to hold harmless and indemnify Defendants against any claims for attorneys' fees related to the above-referenced action.

i.  The parties shall seek to facilitate the prompt transfer of funds by wire transfer.

2. The Plaintiff is directed to apply to the Circuit Court of Cook County, Illinois County Department, Probate Division for an order of distribution of the net proceeds of the settlement, pursuant to 755 ILCS 5/2-1.

3. This action is hereby dismissed with prejudice and without costs, including all claims brought and that could have been brought. The Court will retain jurisdiction, but the above-referenced action no longer remains pending.

SO ORDERED this _____ day of October, 2022

_____
Hon. Frank P. Geraci