UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NATHANIEL MCFARLAND, in his capacity as
supervised and ancillary administrator of the ESTATE
OF DANIEL PRUDE,

      Plaintiff,

  v.

THE CITY OF ROCHESTER, MARK VAUGHN,
TROY TALADAY, FRANCISCO SANTIAGO,
MICHAEL MAGRI, ANDREW SPECKSGOOR,
JOSIAH HARRIS, and other as-yet-unidentified
Rochester police officers,

      Defendants.

No. 6:20-cv-006675-FPG

---

## ORDER APPROVING SETTLEMENT

Upon the Plaintiff's application for settlement approval pursuant to Local Rule 41 and submission of affidavits in support thereof, the Court states as follows:

1. In light of the complexity of this matter and its significance to the community, and with agreement of the parties, in early 2022, this Court appointed two federal judges to serve as mediators in this action, Hon. LaShann DeArcy Hall of the United States District Court for the Eastern District of New York, and Hon. Magistrate Judge Jonathan Feldman of the United States District Court for the Western District of New York.

2. After extensive arm's length, mediated negotiations, lasting over several months, the parties report that they have reached a settlement in principle.

All parties appearing before the Court, and the Court finding, and the parties agreeing, that a hearing is not necessary, IT IS HEREBY ORDERED:

1

1. The Court hereby approves, pursuant to Local Rule 41, the terms of the proposed settlement of the above-referenced action involving claims by the Estate of decedent Daniel Prude, including the attorneys' fees and disbursements to be paid out of the settlement, finding the terms thereof to be fair and reasonable and in the best interest of the Estate and distributees. These terms include the following:

   a. The above-referenced action (the "Lawsuit") is settled for a payment by Defendant City of Rochester to the Plaintiff in the total amount of twelve million dollars ($12,000,000) (the "Settlement Amount").

   b. The Lawsuit will be dismissed with prejudice, waiver of any right to appeal, and a general release of the Defendants (and their agents, successors and employees) by the Plaintiff Administrator.

   c. There will be no admission of liability.

   d. Fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for conscious pain and suffering ("Survival Claims"), and the remaining fifty percent (50%) of the Settlement Amount (six million dollars ($6,000,000)) is to be paid as compensation for damages for pecuniary injuries to five children, the heirs, resulting from the decedent's death ("Wrongful Death Claims"). No portion of the Settlement Amount is to be paid for punitive damages.

   e. Thirty-three percent of the total Settlement Amount (33 percent of the Survival Claims damages ($1,980,000) and 33 percent of the Wrongful Death Claims damages ($1,980,000)) will be paid as attorneys' fees to Plaintiff's Counsel, for a total of three million nine-hundred and sixty thousand dollars ($3,960,000) in attorneys' fees.

   f. One-hundred and sixteen thousand eight-hundred and eight dollars and 92 cents (($116,808.92) of the Settlement Amount ($58,404.46 of the Survival Claims damages and $58,404.46 of the Wrongful Death Claims damages) are to be paid to Plaintiff's Counsel for disbursements, to reimburse Plaintiff's Counsel for costs incurred in advancing the claims in the above-referenced action.

   g. The Settlement Amount net of attorneys' fees and disbursements shall be paid into two separate "Qualified Settlement Funds" ("QFS")—one for the Survival Claims damages net of fees and disbursements and one for the Wrongful Death Claims damages net of fees and disbursements—within the meaning of United States Treasury Regulation § 1.468B-1, 26 C.F.R. § 1.468B-1 that shall be established pursuant this Order and will be subject to the continuing jurisdiction of this Court until payments are directed from these two funds by the Cook County Probate Court. Defendant is a "transferor" within the meaning of United States Treasury Regulation § 1.468B-1(d)(1) to the Settlement

Funds. Eastern Point Trust Company, shall be the "administrator" of the Settlement Funds within the meaning of United States Treasury Regulation § 1.468B-2(k)(3) and, as the administrator, shall: (a) timely make or join in any and all filings or elections necessary to make the Settlement Funds qualified settlement funds at the earliest possible date (including, if requested by Defendant, a relation-back election within the meaning of United States Treasury Regulation § 1.468B-1(j)); (b) timely file all necessary or advisable tax returns, reports, or other documentation required to be filed by or with respect to the Settlement Funds; (c) timely pay any taxes (including any estimated taxes, and any interest or penalties) required to be paid by or with respect to the Settlement Funds; and (d) comply with any applicable information reporting or tax withholding requirements imposed by applicable law, in accordance with United States Treasury Regulation § 1.468B-2(l). Any such taxes, as well as all other costs incurred by the administrator in performing the obligations created by this subsection, shall be paid out of the Qualified Settlement Funds. Defendant shall have no responsibility or liability for paying such taxes and no responsibility to file tax returns with respect to the Qualified Settlement Funds or to comply with information-reporting or tax-withholding requirements with respect thereto. Defendant shall provide the administrator with the combined statement described in United States Treasury Regulation § 1.468B-3(e)(2)(ii).

h. Following payment in full of the Settlement Amount, Plaintiff Administrator agrees to hold harmless and indemnify Defendants against any claims for attorneys' fees related to the above-referenced action.

i. The parties shall seek to facilitate the prompt transfer of funds by wire transfer.

2. The Plaintiff is directed to apply to the Circuit Court of Cook County, Illinois County Department, Probate Division for an order of distribution of the net proceeds of the settlement, pursuant to 755 ILCS 5/2-1.

3. This action is hereby dismissed with prejudice and without costs, including all claims brought and that could have been brought. The Court will retain jurisdiction, but the above-referenced action no longer remains pending.

IT IS SO ORDERED.

Dated: October 6, 2022
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court Judge
Western District of New York